## BRINKMEIER v. MISSOURI PACIFIC RAIL-WAY CO.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 206.　·Submitted March 11, 1912.—Decided April 1, 1912.

The Safety Appliance Act of March 2, 1893, 27 Stat. 531, c. 196, did not embrace all cars on the lines of interstate carriers, but only those engaged in interstate commerce. It did not, until amended by the act of March 2, 1903, 32 Stat. 943, c. 976, embrace all cars used on railroads engaged in interstate commerce.

A declaration for injuries sustained prior to the amendment of March 2, 1903, which did not allege that the car involved was engaged in interstate commerce, was properly held defective.

The rule that decisions of the state court on questions of pleading and practice under the laws of a State are not reviewable by this court *held* to include the denial, on the ground that the period of limitation had expired, of an application made after trial to amend the declaration, so as to state a cause of action. *Texas & New Orleans R. R. Co.* v. *Miller,* 221 U. S. 408.

Although the petition may declare under a Federal statute, if it states no cause of action thereunder but at most a right of recovery at common law, rulings on the sufficiency of evidence do not involve Federal questions.

81 Kansas, 101, affirmed.

THE facts, which involve the construction of the Safety Appliance Acts, are stated in the opinion.

*Mr. C. V. Ferguson,* with whom *Mr. Kos Harris* and *Mr. V. Harris* were on the brief, for plaintiff in error.

*Mr. Bailie P. Waggener, Mr. Charles E. Benton* and *Mr. David Smyth* for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action to recover for personal injuries

sustained by a brakeman while coupling two freight cars on a side track of the defendant railway company at Hutchinson, Kansas. The defendant prevailed in the state courts, 81 Kansas, 101, and the plaintiff brings the case here. The injury occurred November 12, 1900, and the action was begun March 15, 1901.

The question first presented for decision is, whether the petition stated a cause of action under the original Safety Appliance Act of March 2, 1893, 27 Stat. 531, c. 196, which made it unlawful for any common carrier engaged in interstate commerce by railroad "to haul or permit to be hauled or used on its line any car *used in moving interstate traffic* not equipped with couplers coupling automatically by impact," etc. The petition, if liberally construed, charged that defendant was a common carrier engaged in interstate commerce by railroad; that the cars in question were not equipped with couplers of the prescribed type, and that the plaintiff's injuries proximately resulted from the absence of such couplers; but there was no allegation that either of the cars was then or at any time used in moving interstate traffic. The Supreme Court of the State held that in the absence of such an allegation the petition did not state a cause of action under the original act. We think that ruling was right. The terms of that act were such that its application depended, first, upon the carrier being engaged in interstate commerce by railroad, and, second, upon the use of the car in moving interstate traffic. It did not embrace all cars used on the line of such a carrier, but only such as were used in interstate commerce. *Southern Railway Co.* v. *United States*, 222 U. S. 20, 25. The act was amended March 2, 1903, 32 Stat. 943, c. 976, so as to include all cars "used on any railroad engaged in interstate commerce," but the amendment came too late to be of any avail to the plaintiff.

In 1908, after the case had been twice tried without any

decisive result, the plaintiff sought to amend his petition by charging that the cars were used in moving interstate traffic, but the application was denied, the period of limitation having expired in the meantime.    Error is assigned upon this ruling; but as it involved only a question of pleading and practice under the laws of the State, it is not subject to review by us.    *Texas & New Orleans R. R. Co.* v. *Miller*, 221 U. S. 408, 416.

It also was held that the evidence produced upon the third trial was not sufficient to sustain a recovery under the petition, and error is assigned upon this.    As the petition did not state a cause of action under the Safety Appliance Act, but at most a right of recovery at common law, the ruling upon the sufficiency of the evidence did not involve a Federal question, and so is not open to reexamination in this court.

Finding no error in the record in respect of any Federal right, the judgment must be

*Affirmed.*