# Hogarty *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Master and servant—Interstate commerce—Federal Employers' Liability Act—Pleadings — Amendments — Statute of limitations.*

1. The Federal Employers' Liability Act of April 22, 1908, c. 149, 35 U. S. Stat. 65, supersedes the laws of the State upon all matters within its scope and in cases involving accidents to the employees of railroad companies when engaged in interstate commerce; the state laws must be regarded as nonexistent.

2. The common law liability of a railroad company when engaged in intrastate commerce continues and the right to recover from it for negligence when so engaged is still subject to common law rules.

3. Where an act of congress, and not the common law, gives a right of recovery the plaintiff's pleadings must show that his case is within the Federal statute and proof of this is a material part of his case.

4. While it must affirmatively appear by distinct averments in the statement of a cause of action brought under the Federal Employers' Liability Act that the defendant was engaged in interstate commerce at the time of the grievances complained of, special reference to the act of congress in the declaration is not essential. The act is controlling if the averments of the statement show that at the time of the alleged negligent acts of the railroad company it was engaged in interstate commerce.

5. While a plaintiff pleading only a common law right of action against a railroad company may not invoke the Federal Employers' Liability Act, the company in its defense may rely upon the act of congress if it can show, or the testimony offered by the plaintiff shows, that defendant was engaged in interstate commerce at the time that the plaintiff was injured.

6. The question whether a statement of claim in an action for negligence may be amended so as to bring the case within the Federal Employers' Liability Act of 1908, after the time fixed by the act within which the action may be brought has expired, is a

Federal question, and the decisions of the Supreme Court of the United States thereupon are controlling.

7. Where, in an action against a railroad company for personal injuries sustained by an employee of a railroad company engaged in interstate commerce, the statement of claim alleges a common law right of action and does not plead the act of congress or state facts bringing the case within the operation of the act, plaintiff cannot be permitted to amend his statement of claim after the statute of limitations has run, so as to bring the case within the act of congress, as to permit him so to do would in effect introduce a new cause of action.

8. In an action to recover damages for personal injuries sustained by the employee of a railroad company while engaged in interstate commerce, the statement of claim did not rely upon the acts of congress or state that defendant was engaged in interstate commerce at the time of the injury, but averred a common law right of action. It appeared that plaintiff had accepted benefits as a member of defendant's relief association, thereby precluding his recovery at common law; plaintiff sought to amend his statement of claim so as to aver a cause of action under the Federal Employers' Liability Act of 1908, which provides that the acceptance of benefits in such cases shall not be a defense. It appeared that the two year period fixed by the act in which an action may be brought thereunder, had expired. *Held*, that the amendment could not be permitted.

Mr. Justice MOSCHZISKER dissents.

Argued March 24, 1915. Reargued March 14, 1916. Appeal, No. 476, Jan. T., 1914, by defendant, from judgment of C. P. No. 5, March T., 1911, No. 1636, on verdict for plaintiff, in case of William J. Hogarty v. Philadelphia & Reading Railway Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before MARTIN, P. J.

The facts appear in Hogarty v. Philadelphia & Reading Ry. Co., 245 Pa. 443, and in the opinion of the Supreme Court.

Verdict for plaintiff for $6,500 and judgment thereon. Defendant appealed.

*Errors assigned* were in permitting plaintiff to amend his statement of claim after the statute of limitations had run, in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Wm. Clarke Mason,* for appellant.—The original statement of claim filed by the plaintiff failed to aver a cause of action under the Federal Employers' Liability Act; as Section 6 of the Act of Congress of April 22, 1908, c. 149, 35 U. S. Stat. 65, provides that no action shall be maintained under the statute unless commenced within two years from the date of the cause of action accrued, the amendment to the statement of claim was improperly allowed; and as except for the amendment there was a variance between the proof and the original declaration, the defendant was entitled to have a verdict directed in its favor: St. Louis, San Francisco & Texas Ry. Co. v. Seale, 229 U. S. 156; Pedersen v. Delaware, Lack. & Western R. R. Co., 229 U. S. 146; Brinkmeier v. Missouri Pacific Ry. Co., 224 U. S. 268; Seaboard Air Line Ry. v. Duvall, 225 U. S. 477; Grand Trunk Western Ry. Co. v. Lindsay, 233 U. S. 42; North Carolina R. R. Co. v. Zachary, 232 U. S. 248; Wabash R. R. Co. v. Hayes, 234 U. S. 86; Garrett v. Louisville & Nashville R. R. Co., 35 Supreme Ct. Repr. 32; Allen v. Tuscarora Valley R. R. Co., 229 Pa. 97.

*Ira Jewell Williams,* of *Simpson, Brown & Williams,* for appellee.—The amendment was properly allowed: Bolton v. Hey, 168 Pa. 418; Devine's Est., 199 Pa. 250; Fellows v. Loomis (No. 1), 204 Pa. 225; Lafferty's Est., 230 Pa. 496; Peoples Water Co. v. Pittson, 241 Pa. 208; Cassell v. Cooke, 8 S. & R. 268; Rodridgue v. Curcier, 15 S. & R. 81; Coxe v. Tilghman et al., 1 Wharton 282; Erie City Iron Works v. Barber, 118 Pa. 6; Noonan v. Pardee, 200 Pa. 474; Booth v. Dorsey, 202 Pa. 381; Holmes v. Penna. R. R. Co., 220 Pa. 189; Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 570; Bixler, et ux.,

v. Penna. R. R., 201 Fed. Repr. 553; Renn v. Seaboard
Air Line Ry. Co., 86 S. E. Repr. 964; Kansas City West-
ern Ry. Co. v. McAdow, 240 U. S. 51.

OPINION BY MR. CHIEF JUSTICE BROWN, October 9,
1916:

On February 1, 1910, William J. Hogarty, while per-
forming his duties as an extra freight conductor of a
shifting crew of the Philadelphia & Reading Railway
Company, was thrown under a car and sustained serious
injuries, which resulted in the loss of his right arm. He
was thrown under the car by coming in contact with a
telegraph pole, which he alleges in the statement of his
cause of action had been negligently placed and left by
the railway company too close to the track on which the
cars in his charge were being shifted. In the perform-
ance of his duties at the time he was injured it was nec-
essary for him to lean out beyond the side of a car to
uncouple it while it was in motion, and, in so leaning
out, his body struck the pole. The case has been twice
tried. On the first trial the jury were instructed to find
for the defendant, and judgment was subsequently en-
tered in its favor. Plaintiff's statement of claim averred
a mere common law liability on the part of the defend-
ant, and, it having proved that he had accepted benefits
as a member of its relief association, the court below
sustained its contention that he could not recover under
Reese v. Pennsylvania R. R. Co., 229 Pa. 340, and other
cases. He called attention to the Act of Congress of
April 22, 1908, (35 Stat. 65, chap. 149), which forbids
the defense set up, the defendant having admitted that,
at the time he was injured, it was engaged, and he was
employed by it, in interstate commerce. To this the de-
fendant replied that, as the suit had been brought at
common law, the Federal statute was without applica-
tion. The rejoinder of the plaintiff was that, if he should
have formally pleaded the Federal statute, he was en-
titled to amend. On his appeal from the judgment in

favor of the defendant, his right to amend was sustained by this court, and the judgment was reversed with a venire facias de novo: Hogarty v. Philadelphia & Reading Railway Company, 245 Pa. 443. The second trial resulted in a verdict and judgment for the plaintiff, and, on defendant's appeal from it, we are asked, in effect, to reconsider our action in sustaining the plaintiff's appeal from the judgment entered on the first trial; and we must do so if what we then held is, as counsel for defendant contends, in conflict with certain rulings of the Supreme Court of the United States, one of which was made since this appeal was taken. The questions which counsel were directed to argue are, (1) Were the original pleadings sufficient to sustain judgment for the plaintiff? (2) Did the court below err in allowing the statement of claim to be amended?

The Federal Employers' Liability Act of 1908 supersedes the laws of the states upon all matters within its scope, and, in cases involving accidents to the employees of railroad companies, when engaged in interstate commerce, the state laws must be regarded as nonexistent: Second Employers' Liability Cases, 223 U. S. 1; St. Louis, San Francisco & Texas Ry. Company v. Seale, 229 U. S. 156; Kansas & Texas Ry. v. Taylor, 232 U. S. 363; Wabash Railroad Company v. Hayes, 234 U. S. 86; Hogarty v. Philadelphia & Reading Ry. Company, supra; but, while this is so, the common law liability of a railroad company engaged in intrastate commerce continues, and a right to recover from it for negligence, when so engaged, is still subject to common law rules: Wabash Railroad Company v. Hayes, supra; Hench v. Pennsylvania Railroad Company, 246 Pa. 1.

The action which the appellee brought against the appellant was strictly one at common law to enforce a common law liability. This conclusively appears from the statement of his cause of action, which is as follows: "On February 1, 1910, plaintiff was employed by defendant as freight conductor on a train of freight cars in its

Philadelphia yards near American street and Lehigh avenue, and was directed by William L. Weyman, then acting for defendant, to place two of said cars (there being several in the train) on a certain track.   In the performance of this duty plaintiff was required to lean over between two of the cars to uncouple them while the train was moving, and whilst so doing, through no fault of his own, his body struck a telegraph pole, he was thrown beneath the wheels, had three ribs and a collarbone broken and his right arm was crushed (afterwards amputated).   The defendant was negligent in having the pole too close to the track or the track too close to the pole, there not being sufficient room between the two to permit safe performance of the service as directed, and in directing plaintiff to put the cars on the said track, the danger being unknown to plaintiff and no warning given."   Not a word is to be found in plaintiff's statement indicating anything but a common law liability on the part of the defendant, and, to the charge therein alleged against it, it came into court with a complete common law defense.   It was held, however, on plaintiff's appeal, that, notwithstanding the common law cause of action which he had set forth in his pleadings, the act of congress was controlling, in view of the admission of the defendant that, at the time the plaintiff was injured, it and he were engaged in interstate commerce.   After argument and reargument of this appeal, ordered of our own motion, we are of opinion that our view expressed on the first appeal is not in harmony with the rulings of the Supreme Court of the United States, and, as they are controlling, what we there held must yield to them.

As the act of congress, and not the common law, gave the plaintiff a right to recover, his pleadings ought to have shown that his case was within the Federal statute, and proof of this was a material part of it.   In Garrett v. Louisville & Nashville Railroad Company, 235 U. S. 308, which was an action for damages under the Federal Employers' Liability Act, the plaintiff sought to recover

for the pecuniary loss to the parents of the deceased employee of the defendant company; but, as his declaration failed to set forth such loss, recoverable under the act of congress, it was held that, for this reason, there could be no recovery. In so holding, it was said: "Where any fact is necessary to be proved in order to sustain the plaintiff's right of recovery the declaration must contain an averment substantially of such fact in order to let in the proof. Every issue must be founded upon some certain point so that the parties may come prepared with their evidence, and not be taken by surprise and the jury may not be misled by the introduction of various matters....... The request is now made that in view of all the circumstances—especially the former undetermined meaning of the statute, this court remand the cause for a new trial upon the declaration being so amended as to include the essential allegation. But we do not think such action would be proper. The courts below committed no error of which just complaint can be made here; and the rights of the defendant must be given effect, notwithstanding the unusual difficulties and uncertainties with which counsel for the plaintiff found himself confronted." This rule was observed in Allen v. Tuscarora Valley Railroad Company, 229 Pa. 97, where we held that the court below had improperly allowed an amendment of plaintiff's statement after two years from the time of the accident. The amendment averred that, the defendant corporation, at the time of the committing of the grievances complained of, was engaged in interstate commerce. In holding that the amendment introduced a new and different cause of action, which was barred by the statute of limitations, we said, through Mr. Justice MESTREZAT: "The original statement, it is true, averred the injuries of the plaintiff and the alleged negligent act of the defendant by which they were caused, but there was no intimation in the statement that the carrier was engaged in interstate commerce or that the defendant's cars were equipped with

couplers in violation of the act of congress.   **Proof of**
the existence of these two additional facts was required
to sustain the action as amended, and this is one of the
tests in determining whether the amendment introduces
a different cause of action: Wabash R. R. Co. v. Bhymer,
214 Ill. 579. It is apparent that without this amend-
ment the act of congress could have had no place in the
case." In Brinkmeier v. Missouri Pacific Railroad
Company, 224 U. S. 268, in referring to the attempt to
secure the advantage of the safety appliance acts of con-
gress under insufficient pleadings, Mr. Justice Van De-
vanter said: "The petition, if liberally construed,
charged that the defendant was a common carrier en-
gaged in interstate commerce by railroad; that the cars
in question were not equipped with couplers of the pre-
scribed type, and that the plaintiff's injuries proximately
resulted from the absence of such couplers; but there
was no allegation that either of the cars was then or at
any time used in moving interstate traffic. The Su-
preme Court of the state held that in the absence of such
an allegation the petition did not state a cause of action
under the original act.   We think that ruling was right.
The terms of that act were such that its application de-
pended, first, upon the carrier being engaged in inter-
state commerce by railroad; and, second, upon the use
of the car in moving interstate traffic.   It did not em-
brace all cars used on the line of such a carrier, but only
such as were used in interstate commerce."

While it must affirmatively appear by distinct aver-
ments in the statement of a cause of action brought
under the Federal Employers' Liability Act that the de-
fendant corporation was engaged in interstate commerce
at the time of the grievances of which the plaintiff com-
plains, special reference to the act of congress in the
declaration is not essential.   The act is controlling if
the averments in the statement show that, at the time of
the alleged negligent act by the railroad company, it was
engaged in interstate commerce.   In Seaboard Air Line

Ry. v. Duval, 225 U. S. 477, the complaint of the plaintiff below made no distinct reference to the Employers' Liability Act, but, as it did allege that the railroad company was operating a line of railroad between Portsmouth, Virginia, and Monroe, North Carolina, and that the plaintiff, while in its employment as baggagemaster and flagman upon a passenger train running between the said points, was negligently injured, it was held that a ground of action under the act of congress was sufficiently pleaded; and in Missouri, Kansas & Texas Ry. Company v. Wulf, 226 U. S. 570, the averment was that the plaintiff had been employed in the performance of his duties on a train bound from Parsons, in the State of Kansas, to Osage, in the State of Oklahoma, and it was held that the act of congress applied, because "it was sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce." For the same reason a statement was held sufficient in Grand Trunk Western Ry. Company v. Lindsay, 233 U. S. 42.

While a plaintiff, pleading only a common law right of action against a railroad company, may not invoke the Federal Employers' Liability Act, the company, in its defense, may, of course, rely upon the act of congress, if it can show, or the testimony offered by the plaintiff shows, that it was engaged in interstate commerce at the time the plaintiff was injured: St. Louis, Iron Mountain & Southern Ry. Company v. Hesterly, 228 U. S. 702; North Carolina Ry. Company v. Zachary, 232 U. S. 248; Toledo, St. Louis & Western Railroad Company v. Slavin, 236 U. S. 454.

In the case at bar, as already observed, plaintiff's original statement showed nothing but a mere common law right of action against the defendant. By it the railroad company was notified to come into court and defend against a common law charge of negligence. Nothing within its four corners even hinted that plaintiff had

undertaken to hold it liable under the act of congress which had given him a cause of action. In view of his receipt of benefits, he had no common law right of action, and so the record stood until more than four years had elapsed from the time he had acquired a cause of action against it under the Federal statute; but that statute provides that no action shall be maintained under it "unless commenced within two years from the day the cause of action accrued"; and we now come to the consideration of the second question, of which little need be said, as we regard it as settled by a ruling of the Supreme Court of the United States, announced since we heard this appeal.

In Seaboard Air Line Ry. v. Renn, 241 U. S. 290, the plaintiff sought to recover under the Federal Employers' Liability Act, but it was contended by the defendant that his statement did not sufficiently aver a right to recover under that act. It averred that the defendant was operating a line of railroad "in Virginia, North Carolina and elsewhere." Over the objection of the defendant the trial court allowed the plaintiff to amend by averring that the line of the defendant's railroad extended between the City of Raleigh, in the State of North Carolina, and the City of Richmond, in the State of Virginia. On a writ of error taken by the defendant company the Supreme Court of the United States, in an opinion filed May 22, 1916, held that the amendment had not been improperly allowed, as no new cause of action had been introduced. Mr. Justice VAN DEVANTER, speaking for the court, said: "This was an action by an employee of a railroad company to recover from the latter for personal injuries suffered through its negligence. The plaintiff had a verdict and judgment under the Employers' Liability Act of Congress, c. 149, 35 Stat. 65; c. 143, 36 Stat. 291, the judgment was affirmed, 86 S. E. 964, and the defendant brings the case here. The original complaint was exceedingly brief and did not sufficiently allege that at the time of the injury the defend-

ant was engaged and the plaintiff employed in interstate commerce.   During the trial the defendant sought some advantage from this and the court, over the defendant's objection, permitted the complaint to be so amended as to state distinctly the defendant's engagement and the plaintiff's employment in such commerce.   Both parties conceded that what was alleged in the amendment was true in fact and conformed to the proofs, and that point has since been treated as settled.   The defendant's objection was that the original complaint did not state a cause of action under the act of congress, that with the amendment the complaint would state a new cause of action under that act, and that, as more than two years had elapsed since the right of action accrued, the amendment could not be made the medium of introducing this new cause of action consistently with the provision in section 6 that 'no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued.'   Whether in what was done this restriction was in effect disregarded is a Federal question and subject to reëxamination here, however much the allowance of the amendment otherwise might have rested in discretion or been a matter of local procedure: Atlantic Coast Line Railroad v. Burnette, 239 U. S. 199.   If the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action and was not affected by the intervening lapse of time: Texas and Pacific Ry. Co. v. Cox, 145 U. S. 593, 603-604; Atlantic and Pacific R. R. Co. v. Laird, 164 U. S. 393; Hutchinson v. Otis, 190 U. S. 552, 555; Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 570, 576; Crotty v. Chicago Great Western Ry. Co., 95 C. C. A. 91, 169 Fed. 593.   But if it introduced a new or different cause of action, it was the equivalent of a new suit, as to which the running of the limitation was not theretofore arrested: Sicard v. Davis, 6 Pet. 124, 140; Union Pacific Ry. Co. v. Wyler, 158 U. S. 285; United

States v. Dalcour, 203 U. S. 408, 423.    The original complaint set forth that the defendant was operating a line of railroad in Virginia, North Carolina and elsewhere, that the plaintiff was in its employ, that when he was injured he was in the line of duty and was proceeding to get aboard one of the defendant's trains, and that the injury was sustained at Cochran, Virginia, through the defendant's negligence in permitting a part of its right of way at that place to get and remain in a dangerous condition.    Of course, the right of action could not arise under the laws of North Carolina when the causal negligence and the injury occurred in Virginia; and the absence of any mention of the laws of the latter state was at least consistent with their inapplicability.    Besides, the allegation that the defendant was operating a railroad in states other than Virginia was superfluous if the right of action arose under the laws of that state, and was pertinent only if it arose in interstate commerce, and therefore under the act of congress.    In these circumstances, while the question is not free from difficulty, we cannot say that the court erred in treating the original complaint as pointing, although only imperfectly, to a cause of action under the law of congress. And this being so, it must be taken that the amendment merely expanded or amplified what was alleged in support of that cause of action and related back to the commencement of the suit, which was before the limitation had expired."    It clearly appears from this last utterance of the Supreme Court of the United States that if Renn's original complaint had averred merely a common law right of action against the railway company, with nothing in it indicating that the employer was operating a line of railroad from one state into another, the amendment would have been improperly allowed, for the reason that it introduced a new cause of action under the Federal Employers' Liability Act, which had been barred by the express terms of that act after two years from the time of the accident.    What was held in

the Renn case logically followed what the court had said in Garrett v. Louisville & Nashville Railroad Company, supra.

On October 20, 1914—nearly five years after this appellee was injured—the court below, under what we held on the first appeal, allowed his statement to be amended as follows: "On February 1, 1910, the defendant was engaged as a common carrier by railroad in commerce between the several states and subject to all the provisions of the Act of Congress of April 22, 1908 (35 Stat., 65 Ch. 149), the plaintiff was employed by defendant as freight conductor, in such interstate commerce, on a train of freight cars in the Philadelphia yards of the defendant near American street and Lehigh avenue, and was directed by William L. Weyman, then acting for defendant, to place two of said cars (there being several in the train) on a certain track." The allowance of this amendment was excepted to by the defendant, on the ground that it introduced a new cause of action under the Act of Congress of April 22, 1908, which was barred. Under Seaboard Air Line Railway v. Renn, it was improperly allowed, and proof in support of it, if admitted by the court below, would not have helped the plaintiff. The same is true of the admission by the defendant, that, when he was injured, it was engaged and he was employed by it in interstate commerce. At the time the admission was made, and for nearly three years before, all liability of the defendant under the act of congress had ceased, for none could have been enforced against it except by an action brought within two years from the time the injuries were sustained. The admission was not that the plaintiff had a cause of action under the act of congress, but merely that, at the time of the accident, and for two years thereafter, the defendant might have been liable under the act, which, however, was no longer availing to the plaintiff.

The assignments of error are sustained, the judgment below is reversed and is here entered for the defendant.

DISSENTING OPINION BY MR. JUSTICE MOSCHZISKER:

The plaintiff lost an arm through the negligence of the defendant; so far as concerns the facts of the accident, all the members of this court are convinced the case was for the jury, and of the justice of the verdict rendered. The sole point upon which we differ concerns the law controlling the defense. Since the point of difference involves a substantive Federal question, which may be reviewed by the Supreme Court of the United States (Seaboard Air Line v. Renn, 241 U. S. 290), I shall state my dissent at greater length than otherwise would be justified.

The present appeal raises more than a mere question of pleading, for the only material fact necessary to invest the case with a Federal aspect, i. e., that at the time of his injury the plaintiff was engaged in interstate commerce, was formally and unconditionally admitted at the trial by the defendant, during the presentation of the plaintiff's case. Hence, we have before us a substantive question of law, arising out of an agreed state of facts; and that question is: When it affirmatively appears, by an unrestricted and unqualified agreement of record, that a plaintiff, employed by an interstate railroad, was injured while engaged in interstate commerce, can the defendant, after making such an admission, under any circumstances, subsequently be heard to say that Section 5 of the Federal Employers' Liability Act of April 22, 1908, does not apply to the case? To my mind, both on principle and authority, the answer to this question must be in the negative, as I shall endeavor to demonstrate.

The trial under review proceeded in this manner: While the plaintiff was presenting his evidence, the following admission was entered on the record: "It is agreed between counsel for the plaintiff and defendant that at the time of the accident to William Hogarty on February 1, 1910, the cars upon which the plaintiff was working contained shipments of freight in interstate commerce." So it may be seen that this is not an instance

where the plaintiff was permitted to prove a material fact the averment of which had been omitted from his declaration; on the contrary, it is one where the fact in question was expressly and unconditionally agreed to by counsel for the defendant, and thus established as part of the plaintiff's case. Hence, it thereby became apparent that the Federal law controlled; for it has been definitely decided that the Act of 1908, supra, announces a broad public policy which supersedes the laws of the states upon all matters within its scope, and that, so long as it remains upon the statute books, in cases involving accidents to railroad employees, when engaged in interstate commerce, such laws must be viewed as though nonexistent, or, to state the ruling in another way, that every branch of that public policy is to be considered "as much the policy" of each particular state in the Union "as if the act had emanated from its own legislature": Second Employers' Liability Cases, 223 U. S. 1, 57; Taylor v. Taylor, 232 U. S. 363; Missouri, Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 570; Chicago, Rock Island & Pac. Ry. Co. v. Devine, 239 U. S. 52.

That the Act of 1908, supra, applies and controls even in a suit not instituted thereunder, when it affirmatively appears that the injury sued for happened to one engaged in interstate commerce, has been decided by the Supreme Court of the United States in many cases, one of the most recent of which, on principle, nearly, if not quite, rules the present one. In Chicago & Alton R. R. Co. v. Wagner, 239 U. S. 452, an action was brought in a state court to recover for personal injuries. The plaintiff was not employed by the defendant company, and, therefore, could not sue under the Federal statute. The defendant proved that the plaintiff was an employee of the Burlington Company, another railroad, and that he had received benefits as a member of the latter's relief association; further, that this Burlington Company was a joint tortfeasor with it, the defendant. On these facts the defendant claimed that, "since there can be but one satisfaction

for an injury," the plaintiff was not entitled to recover against it because its joint tort-feasor, the Burlington Company, had been released from liability through and by reason of the acceptance of its relief benefits by the plaintiff. The State Supreme Court held that, notwithstanding the fact the action was not brought under the Act of Congress, since it appeared the accident happened in the course of interstate commerce, the validity of the alleged release must be tested by the Federal and not the State law. This view was sustained on appeal, the Supreme Court of the United States saying (pp. 457-8), "It is urged that Section 5 [the part of the Federal Employers' Liability Act which prohibits the defense in question] was wholly inapplicable in an action brought against a third person to enforce a liability not created by the Federal act. The argument is, in substance, that in this action against the Alton Company, inasmuch as it is not brought to enforce the liability imposed by the Federal statute, Section 5 cannot be considered for any purpose; that is, that under Section 5 the release can be deemed to be invalid only so far as it is actually used to protect the Burlington Company from liability in a suit against it under the act. This involves, we think, a fundamental misconception. It is, of course, impossible to determine whether a joint tort-feasor is discharged except by asking, what would happen if he were sued? The liability created by the act arose when the injury was received, and it is clear that if it was received while Wagner was engaged in interstate commerce, his acceptance of benefits under the relief contract would not bar an action against his employer......When, therefore, the Alton Company sought to escape from liability, otherwise existing under the State law, by reason of a release to the Burlington Company, it was entirely competent for the plaintiff to show the nature of his employment and that the asserted release was within the Federal statute, and could not operate as a discharge." It is clear that the above quotation means that, had the Bur-

lington Company been sued as the Alton Company was
in the then present action, the Federal act would have
applied so as to exclude the defense depended upon, and
it is particularly to be observed that the court there
states the alleged release "could not operate as a dis-
charge." In fact, as I read it, the whole context of the
opinion indicates that the Federal Supreme Court meant
to rule that such a release can never operate as a dis-
charge in any case where suit is brought against a rail-
road by an employee injured in the course of interstate
commerce, where the latter fact is properly made to ap-
pear, and that this rule applies whether the action to
recover for the injuries is formally instituted under the
Act of Congress or otherwise. In this connection, when
the case just reviewed was in the Supreme Court of
Illinois, on appeal (Wagner v. Chicago & Alton R. R.
Co., 265 Ill. 245, 251, 252), that tribunal took the po-
sition that, although under the local law the defense of
an implied release through the acceptance of relief asso-
ciation benefits might ordinarily be a valid one, yet "the
State law in this regard has been modified......by the
Federal Employers' Liability Act as to cases where in-
juries are received by certain employees of an employer
engaged in interstate commerce," and in such cases the
defense in question cannot apply. After first saying
that a stipulation filed at the trial of the case left it as
though no allegation that the plaintiff had been injured
in interstate commerce had been made in the declaration,
the court adds: "When plaintiff in error [the defendant
below] attempted to prove a satisfaction by the payment
of benefits by its joint tort-feasor, the Burlington Com-
pany, to the defendant in error, it was proper for de-
fendant in error [the plaintiff below], in rebuttal, to
show that no valid release had been given the Burlington
Company by him. As between the defendant in error and
the Burlington Company, the Federal Employers' Lia-
bility Act clearly applied, and if, as the United States
Supreme Court has repeatedly held, that law supersedes

all state laws on the subject, then the release given by defendant in error to the Burlington Company was not valid and would not have precluded recovery by him from that company. If it was not valid so far as the Burlington Company was concerned, it was clearly invalid as to the plaintiff in error and constituted no defense to this action." Although the view just quoted was dissented from by two justices of the Supreme Court of Illinois, yet, as we have seen, on appeal, it was approved by the Supreme Court of the United States, the latter saying, with reference thereto, it simply meant that "the release could not aid the Alton Company for the very plain reason that the alleged joint tort feasor "had not been discharged," and adding these significant words—"The State law did not recognize the discharge of the defendant by virtue of a release of a joint tort-feasor which, under the law applicable thereto, was found to be without validity." We use the term "significant," for the Federal Employers' Liability Act is referred to as "the law applicable" to the alleged release, though the case quoted from was not an action under that statute. It seems to me that Chicago & Alton Railway Co. v. Wagner, just reviewed, is sufficient to sustain the judgment entered in this case; but it is not necessary to rest thereon, for, as I shall now show, many other United States Supreme Court decisions can be mentioned which justify the position that the present case was subject to the provisions of Section 5 of the Federal Employers' Liability Act.

To begin with, under the relevant Federal authorities, it is not always required that a statement of claim shall expressly aver the Act of Congress here in question, or that it is relied upon. In Seaboard Air Line Ry. v. Duvall, 225 U. S. 477, 482, while the complaint alleged that the defendant's railroad ran from a point in Virginia to one in North Carolina, and that the plaintiff was injured on a train operated between these two places, yet neither it nor the defendant's answer made any direct reference

to the Act of Congress; nevertheless, the Supreme Court
of the United States said of the declaration, "This states
a ground of action under that Act." In Grand Trunk
Western Ry. Co. v. Lindsay, 233 U. S. 42, it appears,
from the opinion of the Supreme Court, the complainant
alleged and the evidence showed that the accident hap-
pened "in the course of the operation of interstate com-
merce," but "no express claim was made under the Em-
ployers' Liability Act." The court there states, "It is
urged it was error in the reviewing court to test the cor-
rectness of the rulings of the trial court by the provisions
of the Employers' Liability Act, instead of confining the
subject exclusively to the Safety Appliance Law [which
was pleaded] and the rules of the common law," and in
overruling this contention the court said, "This simply
amounts to saying that the Employers' Liability Act
may not be applied to a situation which is within its pro-
visions, unless in express terms the provisions of the
act be formally invoked; aside from its manifest un-
soundness considered as an original proposition, the con-
tention is not open as it was expressly foreclosed in Sea-
board Air Line Ry. v. Duvall." See also Wabash R. R.
Co. v. Hayes, 234 U. S. 86. In Missouri, Kansas & Texas
Ry. Co. v. Wulf, supra, the plaintiff who was "sole bene-
ficiary of the deceased under the State statute," sued, in
her individual capacity, to recover for the death of a son,
killed in the employ of the defendant company. The case
was in the United States Courts by reason of diverse
citizenship. The original complaint charged that at the
time of the accident the deceased was a fireman on a
train bound from a point in the State of Kansas to one
in the State of Oklahoma; but it further expressly
averred that the suit was instituted "by virtue of the
laws of the State of Kansas, where the said Fred S. Wulf
was killed," and which by statute provides "a right of
action for injuries resulting in death." The defendant
answered that the cause of action was "not governed by
the laws of Kansas," but by the Federal Employers' Lia-

bility Act; whereupon the plaintiff asked leave to amend and apply the Federal statute. To this the defendant objected that the Statute of Limitations had run; but the court allowed the amendment. On appeal from a judgment in favor of the plaintiff, the Supreme Court of the United States said, "It is contended that the plaintiff's original petition failed to state a cause of action because she sued in her individual capacity and based her right of recovery upon the Kansas statute, whereas her action could legally rest only upon the Federal Employers' Liability Act of 1908, which requires the action to be brought in the name of the personal representative of the deceased; that the plaintiff's amended petition......alleged an entirely new and distinct cause of action and that such an amendment could not legally be allowed so as to relate back to the commencement of the action, inasmuch as the plaintiff's cause of action was barred by the limitation of two years......It is true the original petition asserted a right of action under the laws of Kansas, without making reference to the Act of Congress, but the court was presumed to be cognizant of the enactment of the Employers' Liability Act, and to know that, with respect to the responsibility of interstate carriers by railroad to their employees injured in such commerce......it had the effect of superseding state laws upon the subject......; therefore, the pleader was not required to refer to the Federal Act, and the reference actually made to the Kansas statute no more vitiated the pleading than a reference to any repealed statute would have done." It is true that, in the course of the foregoing opinion, the Federal Supreme Court said that the original petition "sufficiently averred that the deceased came to his death through injuries suffered while he was employed......in interstate commerce"; but an examination of the original pleadings in the court below, as sent up on appeal, shows that the excerpt just quoted from the opinion of the Supreme Court must mean, and could only mean, that a certain allegation in the original

complaint to the effect that the deceased, at the time of
the accident, was employed in the "performance of his
duties......on a train......bound from Parsons in the
State of Kansas to Osage in the State of Oklahoma," was
a sufficient averment to bring the case within the statute;
for that is the only possible matter in the entire declara-
tion that in any manner indicated the plaintiff's case had
a Federal aspect.   Of course, an amendment of the party
plaintiff was necessary in this Wulf case, for the action
was instituted by one who, in the capacity in which she
was named, had no right to sue under the Federal stat-
ute; which likewise was the situation in St. Louis, San
Francisco & Texas Ry. Co. v. Seale, 229 U. S. 156, where
the plaintiffs elected to stand on their action as brought,
and a verdict in their favor was reversed.   In all the
cases reviewed in this paragraph, it will be observed that
the respective declarations failed to aver the fact of the
act of congress or that it was depended upon, yet each
of them contained some allegation of fact which indi-
cated that the cause at issue had a possible Federal as-
pect; but we shall show, by the authorities discussed in
the next paragraph, that it is not always required of a
declaration to go even this far in order to justify the
application of the Federal Employers' Liability Act,
when the actual facts of a given case bring it within the
statute.

While in a case of negligence for personal injuries, be-
fore the act of congress here in question will be applied,
it must appear in some definite way, that the accident
happened in the course of interstate commerce, yet,
under the relevant authorities, the manner in which this
is made to appear—whether in the pleadings or other-
wise—does not seem to be of controlling importance.   St.
Louis, Iron Mt. & Southern Ry. Co. v. Hesterly, 228 U. S.
702, likewise reported in 98 Arkansas 240 (whence we
get our information concerning the contents of the com-
plaint), was an action to recover for the death of the
plaintiff's intestate.   We use the terms "plaintiff" or

"defendant" to designate the parties as they stood in the trial court. The declaration simply averred that the defendant was operating a line of railroad "in the State of Oklahoma," and that "deceased was a brakeman on defendant's said line in Oklahoma." The defendant's answer did not refer to the Federal act nor to the interstate character of the plaintiff's employment. The testimony showed, however, that at the time of the accident the deceased was working on a train engaged in interstate commerce; whereupon the defendant requested a peremptory instruction to the effect that a certain item of damage, not permitted by the Federal statute, could not be recovered. The trial court, while treating the defendant's motion as sufficient to raise a Federal question under the act of congress, held that the statute did not apply, and the Supreme Court of the state subsequently decided that it was "only supplementary and the judgment [for the plaintiff] could be upheld under the state laws." The United States Supreme Court accepted the finding of the court below to the effect that a Federal question was involved, and reversed the case, holding that the act of congress applied. In Toledo, St. Louis & Western R. R. v. Slavin, 236 U. S. 454, neither the plaintiff's complaint nor the defendant's answer contained any reference to the Employers' Liability Act, but, over the plaintiff's objection, evidence was admitted to show that the accident happened in interstate commerce; thereupon, the defendant insisted that the case was governed by the act of congress, which contention the trial court overruled. On appeal, the Supreme Court of the United States held that it was error not to apply and enforce the provisions of the Federal statute, and reversed. In Central Vermont Ry. Co. v. White, 238 U. S. 507, 513 (we quote from the opinion of the Supreme Court), "the declaration contained no allegation that White was engaged in interstate commerce at the time of the collision. The company made this the ground of a plea in bar. The admin-

istratrix thereupon filed a replication admitting that the deceased was engaged in such commerce at the time of his death. The company demurred to the replication on the ground that it was a departure from the cause of action under the state law, and an assertion of a new cause of action under the Federal Employers' Liability Law. This demurrer was overruled." In affirming judgment for the plaintiff, the Supreme Court said it was sufficient that the State Court of Appeals held the defect in the declaration "cured by the charge in the plea and the admission in the replication that White was employed in interstate commerce." In Chicago, Rock Island & Pac. Ry. Co. v. Wright, 239 U. S. 548, 549, 551 (we quote from the opinion of the U. S. Supreme Court), "The petition described the road engine as moving from one point to another in Nebraska, and said nothing about interstate commerce, but the answer alleged that this engine was being taken to a point in another state, and that the defendant was engaged and the intestate was employed in interstate commerce......As the injuries resulting in the intestate's death were sustained while the company was engaged, and while he was employed by it, in interstate commerce, the company's responsibility was governed by the Employers' Liability Act ......; and as that act is exclusive and supersedes state laws upon the subject, it was error to submit the case to the jury as if the state act were controlling." In No. Carolina R. R. Co. v. Zachary, 232 U. S. 248, the act of congress was not pleaded and the plaintiff's declaration did not indicate in any way that deceased was engaged in interstate service. The defendant set up "as a special defense" that "at the time the plaintiff's intestate was killed he was engaged in interstate commerce, and that the liability of the defendant was fixed and regulated by the Federal Employers' Liability Act." The state court "assumed that the record sufficiently presented the question of a Federal right," but decided the point against the party asserting the right, holding that "The action was

brought under the statute of North Carolina, that the
Federal act had no application, and that the cause was
triable under the statutes of the state." In reversing,
the United States Supreme Court ruled that "the Fed-
eral act governs to the exclusion of the statutes of the
state." In Koennecke v. Seaboard Air Line, 85 S. E.
Repr. 374, 375, the Supreme Court of South Carolina
held, "Where, in an action for the death of a railroad
employeé, evidence that he was engaged in interstate
commerce was elicited without objection on the cross-
examination of one of plaintiff's witnesses, either party
might, so long as the evidence remained in the record,
claim the benefit of the Federal statute, though the plead-
ing of neither asserted any right or immunity under it,"
saying that, where the facts are not changed, the cause of
action is essentially the same whether tried under the
state or Federal law, and that "it could rarely happen
that a shifting from one to another would work prejudice
and surprise"; the court observed, however, that "if the
parties have not previously been warned by the pleadings
that such a shifting might take place, and if it should
be made to appear that it would be a surprise and oper-
ate to cut off a claim or defense which could otherwise
have been made, the trial court would either not allow
it or allow it upon such terms as would prevent preju-
dice." On appeal the Supreme Court of the United
States (Seaboard Air Line Ry. v. Koennecke, 239 U. S.
352, 354) affirmed, saying, inter alia, "The cause of ac-
tion arose under a different law by the amendment, but
the facts constituting the tort were the same." See also
San Antonio & Arkansas Pass. Ry. Co. v. Wagner, 241 U.
S. 476, 480-1.

Thus, from the authorities reviewed, it may be seen
that, in causes like the one before us, whenever, by any
formal method, it is properly made to appear, or when-
ever it is directly or impliedly conceded, whether by
the pleadings or otherwise, that the accident under in-
vestigation happened to an employee of a defendant

railroad during the course of interstate commerce, the court will regard this as a governing fact and apply the Federal law; and, as suggested in one of the above cited cases, when we consider that in the vast majority of instances the plaintiff has no way of knowing whether or not he was injured in interstate commerce, while the defendant almost invariably has such knowledge, it is plain that the rule as stated is a just one; moreover, it is a rule from which no material wrong can flow, for, as suggested in another of the cases, a party taken by surprise is always entitled to a continuance if the trial court be convinced that he may suffer harm.

.Before passing to a consideration of the other cases chiefly relied upon by the appellant, it may be well, at this point, to examine Seaboard Air Line Ry. v. Renn, supra, which, when applied to the facts at bar, to my mind, is a controlling authority, against the majority view, although it is cited in support thereof. The opinion in that case was handed down on May 22, 1916, by Mr. Justice VAN DEVANTER. The action was instituted in a state court, by an employee of the defendant railroad, to recover for personal injuries. Nothing was averred in the declaration which directly indicated the suit was other than a common law action; but the plaintiff secured a verdict under the Employers' Liability Act. A judgment entered on this verdict was affirmed by the State Supreme Court (86 S. E. Repr. 964), and the defendant appealed to the Supreme Court of the United States. In affirming, that tribunal said: "The original complaint was exceedingly brief and did not sufficiently allege that at the time of the injury the defendant was engaged and the plaintiff employed in interstate commerce. During the trial the defendant sought some advantage from this, and the court, over the defendant's objection, permitted the complaint to be so amended as to state distinctly the defendant's engagement and the plaintiff's employment in such commerce. Both parties conceded that what was alleged in the amendment was true in fact and conformed to the proofs......The de-

fendant's objection was that the original complaint did
not state a cause of action under the act of congress, that
with the amendment the complaint would state a new
cause of action under that act, and that, as more than
two years had elapsed since the right of action accrued,
the amendment could not be made the medium of intro-
ducing this new cause of action consistently with the
provision in Section 6 that 'no action shall be maintained
under this act unless commenced within two years from
the day the cause of action accrued.' Whether in what
was done this restriction was in effect disregarded is a
Federal question and subject to re-examination here
. . . . . .; Atlantic Coast Line R. R. v. Burnette, 239 U. S.
199. If the amendment merely expanded or amplified
what was alleged in support of the cause of action al-
ready asserted, it related back to the commencement of
the action and was not affected by the intervening lapse
of time: Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593,
603-4; Atlantic & Pacific R. R. Co. v. Laird, 164 U. S.
393; Hutchinson v. Otis, 190 U. S. 552, 555; Missouri,
Kansas & Texas Ry. Co. v. Wulf, 226 U. S. 570, 576;
Crotty v. Chicago Great Western Ry. Co., 95 C. C. A. 91,
169 Fed. Repr. 593. But if it introduced a new or differ-
ent cause of action, it was the equivalent of a new suit,
as to which the running of the limitation was not there-
tofore arrested: Sicard v. Davis, 31 U. S. 124, 140;
Union Pacific Ry. Co. v. Wyler, 158 U. S. 285; United
States v. Dalcour, 203 U. S. 408, 423." After this, the
court pointed out that certain allegations in the original
declaration, in no way connected with the happening of
the accident, but merely descriptive of the character of
the defendant railroad, might be taken as consistent with
a recovery under the act of congress, and that the ab-
sence from such declaration of any mention of the laws
of Virginia, the state in which the action was instituted,
was "at least consistent with their inapplicability".;
then, the court concluded: "In these circumstances,
while the question is not free from difficulty, we cannot

say that the court below erred in treating the original complaint as pointing, although only imperfectly, to a cause of action under the law of congress. And this being so, it must be taken that the amendment merely expanded or amplified what was alleged in support of that cause of action and related back to the commencement of the suit, which was before the limitation had expired." Surely this decision should be accepted as controlling the present case; for, here, as there, the original declaration, while not averring the act of congress, or facts bringing the plaintiff's cause of action directly thereunder, contains nothing inconsistent therewith; hence, in view of the defendant's admission it was engaged in interstate commerce, and that the plaintiff was so employed when injured, the declaration should be held sufficient, and the amendment as merely "expanding or amplifying" the cause of action originally stated.

The remaining cases chiefly relied upon by the appellant are easily distinguished from the one at bar. In St. Louis, San Francisco & Texas Ry. Co. v. Seale, 229 U. S. 156, the action was by the widow and parents of an employee of the defendant railroad to recover for his death. The plaintiff's petition contained nothing to indicate that the accident happened in the course of interstate commerce. The defendant excepted to the pleading on the ground that it did not show whether the action was brought under the state or Federal law. If the Federal law applied, and the evidence showed it did, then the suit was by the wrong party, as the United States statute requires the action to be in the name of the personal representative of the deceased. The plaintiffs elected to stand by their petition as originally stated. On appeal, the Supreme Court reversed, "without prejudice to such rights as the personal representative of the deceased may have," saying: "The plaintiffs......stood by their petition; it was to the case therein stated that the defendant was called upon to make defense......When the evidence was adduced it developed that the real case was not con-

trolled by the state statute, but by the Federal statute; in short, the case pleaded was not proved and the case proved was not pleaded.  In that situation the defendant interposed the objection grounded on the Federal statute that the plaintiffs were not entitled to recover on the case proved."  The above decision simply amounts to this: there could be no recovery in the suit as instituted, for the evidence showed that the case fell within the act of congress, and the parties named as plaintiffs were without authority to sue under the Federal law.  In short, the parties plaintiff were entitled to sue under the State law but not under the Federal statute, whereas, under the evidence adduced, the latter was the only law which could be applied; therefore, the Supreme Court properly said that the case pleaded was not proved and the case proved was not pleaded.  In connection with this Seale case consider the discussion of Missouri, Kansas & Texas Ry. v. Wulf, supra; also see Winfree v. Nor. Pac. Ry. Co., 227 U. S. 296, 302, a case involving the same act of congress which is now before us, where it was expressly held that "Damages to his [the decedent's] estate [under the Federal statute] would be a distinct cause of action from damages to his parents [under a state statute]," the principle of which ruling, when kept in mind, makes plain the decision in St. Louis, San Francisco & Texas Ry. Co. v. Seale, 229 U. S. 156.  The case at bar differs from the one just reviewed in that here there is nothing whatever in the party plaintiff or in the averments of his declaration inconsistent with an action under the Federal law, and, in addition, we have the element of the admission of record previously discussed.

The present case is readily distinguishable from Allen v. Tuscarora Val. R. R. Co., 229 Pa. 97; Brinkmeire v. Missouri Pacific Ry. Co., 224 U. S. 268, and other like authorities, which hold that there can be no recovery under the original Federal Safety Appliance Act of March 2, 1893, c. 196, Sec. 2, 27 U. S. Stat. 531, unless the statute is either expressly declared upon or the plain-

tiff avers a breach of its provisions in his statement of claim. The Safety Appliance Act is not of the character of the Employers' Liability Act; the latter ordains broad, general rules of public policy, and, within its field, not only supersedes the common law but all relevant state enactments, while the former is one which ordains a minute, physical regulation, to wit, that a certain kind of mechanical contrivance, or coupler, must be used upon all cars engaged in interstate commerce. Hence, of course, if one desires to recover because of a breach of this special regulation, he must bring his declaration strictly within the provisions of the statute which ordains it. The case of Grand Trunk Western Ry. v. Lindsay, 233 U. S. 42, shows, however, that, even when the Safety Appliance Act is expressly pleaded, all the provisions of the Employers' Liability Act apply, though the latter is not referred to in the pleadings. Whether or not the distinction which we have drawn be sound, is not important, however, for, as already pointed out, here the defendant had, in effect, conceded in the court below that the Federal law controlled, before raising the inconsistent contention that the relevant act of congress could not apply because of the plaintiff's failure to plead it. Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, is sufficiently distinguished in the Wulf case, supra.

The defendant relies largely upon an excerpt from Mr. Justice McReynolds's opinion in Garrett v. Louisville & Nashville R. R., 235 U. S. 308, which was an action under the Employers' Liability Act, where the declaration was held defective because it contained no averment of pecuniary loss to the plaintiff, the court saying: "Where any fact is necessary to be proved in order to sustain the plaintiff's right of recovery the declaration must contain an averment substantially of such fact, in order to let in the proof......so that the parties may come prepared with their evidence, and not be taken by surprise......" The principle just quoted is a correct statement of a general rule; but if, in the Garrett case,

the defendant had, as in the case at bar, expressly admitted on the record, during the course of the presentation of the plaintiffs' evidence, the latter's pecuniary loss, it is not within the bounds of reason to suppose that, under such circumstances, a judgment for the plaintiff would have been reversed because of the absence of an averment of pecuniary loss in the declaration; not only was no such admission made in the Garrett case, but there the plaintiff refused to amend his declaration when offered an opportunity so to do. Of course, in the case before us for decision there was no surprise, either actual or legal.

As stated at the beginning of this dissent, I do not feel that the present case turns on a question of pleading, but, if it did, I am of opinion the plaintiff's original declaration was sufficient to sustain the judgment; for, while there is nothing therein to indicate the action occurred in interstate commerce, yet, on the other hand, there is nothing to exclude that idea (Kansas City Western Ry. Co. v. McAdow, 240 U. S. 51). In certain instances, where a legislative enactment creates in detail a right or duty new to the law, for instance, the Federal Safety Appliance Act, or, again, where a plaintiff has a choice between the common law and a statute, it may be necessary to plead the latter in a declaration claiming damages by reason of a breach thereof; but that is not this case. Here the ordinary rule applies, that it is not necessary to plead an act of assembly; for, though the law thus established is to govern, when applicable, yet it is not part of the cause of action; or, to speak more specifically, while, in the contingency of certain defenses being offered, the nonapplication of the Federal Employers' Liability Act might, in the end, serve to defeat the plaintiff, yet, since the right to sue in no sense depended upon it, the act could not be said to enter into his cause of action. Ordinarily, it is only essential to plead the facts showing the plaintiff's right and the defendant's violation thereof, and, in so doing, it is never required that a defense shall be anticipated; but even assuming

that, generally speaking, it is the duty of a plaintiff, in a case like the present, in some way to indicate in his declaration that the Act of 1908, supra, is depended upon, and to prove facts showing his case to be within the statute, then we come back to my original position concerning the admission by the defendant. In this connection, see Noel v. Kessler et al., 252 Pa. 244, where we recently held that defendants, "by their admissions in the pleadings, could waive proper and necessary averments in the statement, and if they do so, they cannot, on appeal, after a trial......on the merits, object to the informalities of the statement." This was said in a contract case, but it was an instance where the so-called "informality" concerned a vital matter of substance. Since the abandonment of special pleading, much that was formerly developed in that way, prior to trial, is now accomplished by formal admissions of record at the time of trial. With us, in trespass, the general issue is the only plea permitted; hence, in a negligence case, there could be no such admissions as those referred to in the above quotation, i. e., in the pleadings, for, under our practice, in such cases, all admissions by the defendant must be made by written stipulation or orally in court, but, when so made, ex necessitate, they should have the same force and be given the like effect as though contained in a formal pleading. Of course, a fact that is at issue, in the sense that it is controverted, must, as a general rule, have had an averment in the pleadings to support it; but a fact admitted of record, no matter how material it may be, stands on a different footing. An unrestricted admission of record is more than merely evidential in effect, for it not only grants the fact in question but also its admissibility, and to this extent, at least, such an admission tacitly concedes the pleadings in the case to be good and sufficient. Therefore, in this case, after counsel made the before quoted admission, without either qualification or restriction, for the purpose of the trial, it was, in effect, conceded the defendant had knowledge of the fact

that the accident under investigation had happened in interstate commerce, and that the plaintiff so claimed, just as much as though the latter had either been put formally on notice thereof by an averment in the declaration or had admitted it by an answer in the nature of a plea; and the defendant could not subsequently avoid the force of this admission by complaining that the plaintiff had failed formally to declare the facts comprehended therein. To my mind, it is losing sight of the realities of the situation, and playing with the administration of the law, to permit one, after making such an admission, to assume the position that, because the statement of claim failed to inform the defendant of what it admittedly already knew, the plaintiff could not take advantage of the real facts in the case and the court could not administer the only law applicable thereto.

I think the Supreme Court of the United States never intended to rule as a governing general principle that, if an injured plaintiff incidentally avers the fact that the defendant's railroad traverses more than one state, then the Federal Employers' Liability Act will apply to his cause of action (even though, as in the Wulf case, supra, such plaintiff further expressly avers that he depends upon the local law), whereas, if he fails to inform the railroad, by an averment in his declaration, of the terminal points of its line, then the Federal law will not apply (even though, as in the present case, the defendant at all times knew the accident in controversy happened on its road to an employee while engaged in the transaction of interstate business). In this connection, it seems to me, the majority of our court, in reading the recent decisions of the Federal Supreme Court, lay undue emphasis upon certain passages from the Wulf and Renn opinions, supra. To my mind, the passages in question represent relevant judicial makeweights, proper under the peculiar facts of those particular cases, but were not intended as statements of restrictive general principles to control all future actions

for injuries to railroad employees, particularly where, as here, it is unrestrictedly and unqualifiedly admitted at trial that such injuries happened in the course of interstate commerce.

Moreover, in a case such as the one now before us, where the plaintiff's employer relies upon a defense which is repudiated by the United States law as against public policy, and which, since the happening of the accident that gave rise to the plaintiff's injury, has, for a like reason, been forbidden by statute in our own State (see Sec. 204 of Article II, Act of June 2, 1915, P. L. 736), it seems to me that this court should not be astute to find reasons for reversing the judgment entered below, particularly when we have already held, in reviewing a prior trial (245 Pa. 443) that, on the pleadings as originally made, the issues involved were for the jury.

Before concluding, it may not be amiss to note that at the former trial of this case there also was an unrestricted and unqualified admission that the accident to the plaintiff occurred in the course of interstate commerce (see Hogarty v. Philadelphia & Reading Ry. Co., 245 Pa. 443, 446). Hence the amendment of the declaration, subsequently permitted, merely made the pleadings accord with the real facts involved as they had previously been agreed to by counsel for the defendant; but, however this may be, under Chicago & Alton R. R. Co. v. Wagner, supra, and other authorities herein cited, after the defendant's admissions of record, the case under review should not be made to turn on a mere question of pleading.

I cannot agree with the majority view, as written by our honored Chief Justice, that the recent decisions of the Supreme Court of the United States compel a reversal of the present judgment. On the contrary, I strongly feel that, under a proper reading of the relevant authorities, on the admitted facts at bar, the defense depended upon was not available, and the plaintiff should hold his verdict; therefore, I dissent.