## Bernstein v. Woodward et al.

*Foreign attachment—Rule to quash—Answer.*

1. Where no answer is filed to a petition for a rule to quash a foreign attachment, the facts alleged in the petition must be taken as admitted.

*Negligence—Damages—Federal Employers' Liability Act—Foreign attachment—Executors and administrators.*

2. Where a widow of a non-resident of Pennsylvania begins an action in Pennsylvania under the Federal Employers' Liability Act of April 22, 1908, ch. 149, 35 U. S. Stat. 65, as administratrix of her husband, and the railroad company, defendant, pays her damages in settlement of her claim, such moneys are not subject to foreign attachment in a suit against the widow for her personal debt.

3. The Federal Employers' Liability Act supersedes the laws of the State upon all matters within its scope.

Rule to quash writ of foreign attachment. C. P. No. 3, Phila. Co., March T., 1927, No. 1006.

*Lemuel B. Schofield,* for plaintiff; *Barnes, Biddle & Morris,* for defendants.

DAVIS, J., Dec. 7, 1927.—The plaintiff issued a writ of foreign attachment, naming Mabel Woodward as defendant and Allen Spangler and Girard Trust Company as garnishees. The writ was served upon the garnishees on Feb. 28, 1927. This is a rule by the garnishees to quash said writ. The plaintiff has filed no answer to the petition. Therefore, the facts alleged in the petition to quash must be taken as admitted.

The garnishees contend that there was no property of the defendant, Mabel Woodward, individually, in the possession of the garnishees when the writ was served and for that reason the writ should be quashed.

The plaintiff, a member of the bar, was employed by Mabel Woodward to bring an action against the Pennsylvania Railroad Company to recover damages for the death of her husband, Taylor J. Woodward, an employee of the Pennsylvania Railroad Company, accidentally killed while engaged in interstate commerce. The deceased was a resident of Wilmington, New Castle County, State of Delaware, and was survived by his widow, Mabel M. Woodward, and three minor children, who reside in the City of Wilmington, New Castle County, State of Delaware. The accident occurred at or near Marcus Hook, Delaware County, State of Pennsylvania. The plaintiff avers in his affidavit of cause of action that, at the instance of Mabel M. Woodward, he made an investigation of the facts surrounding the death of the said Taylor J. Woodward, and claims the sum of $3000 for the services so rendered. It does not appear that the plaintiff entered suit to recover damages for the death of Taylor J. Woodward.

Allen Spangler, one of the garnishees, in his petition avers that he is a member of the Bar of the County of Philadelphia, State of Pennsylvania, and that, on Jan. 12, 1927, letters of administration of the estate of Taylor J. Woodward were granted unto Mabel M. Woodward. Subsequently, Mabel M.

Bernstein v. Woodward et al.

Woodward, as administratrix of the estate, appointed Allen Spangler her attorney to institute and maintain an action against the Pennsylvania Railroad Company to recover damages for the death of her husband or to effect an amicable settlement. On Feb. 18, 1927, Spangler, on behalf of Mabel M. Woodward, administratrix, made settlement of the claim of the latter with the Pennsylvania Railroad Company. The defendant company paid to the administratrix the sum of $14,000, and delivered a check therefor to the said Allen Spangler, to the order of "Mabel M. Woodward, Widow and Administratrix of the Estate of Taylor J. Woodward, deceased, per Allen Spangler, her attorney." The check was so endorsed by Spangler and deposited to the credit of his personal account in the Girard Trust Company.

At the time of the death of Taylor J. Woodward he was engaged in interstate commerce as an employee of the Pennsylvania Railroad Company. Under the Act of Congress of April 22, 1908, 35 Stat. at L. 65, 8 Fed. Stat. Ann. (2nd ed.) 1208, it is provided "that every common carrier by railroad while engaging in interstate commerce shall be liable in damages in case of the death of any of its employees to such employee's personal representative for the benefit of the surviving widow and children of such employee for such death resulting, in whole or in part, from the negligence of such carrier." Under the said act, the right to recover damages from the railroad company for the death of Taylor J. Woodward was in his personal representative, to wit, the administratrix of his estate. The Federal Employers' Liability Act of April 22, 1908, ch. 149, 35 U. S. Stat. 65, supersedes the laws of the State upon all matters within its scope: Hogarty v. Phila. & Reading Ry. Co., 255 Pa. 236. Any sum coming into the hands of the administratrix of the deceased must be distributed in accordance with the laws of the State of Delaware.

There is no property in the hands of the garnishees belonging to Mabel M. Woodward as an individual, as the fund in the hands of the garnishees is the property of the administratrix of the estate of Taylor J. Woodward. Therefore, the fund is not subject to foreign attachment on a claim against Mabel M. Woodward individually. Any contract or agreement of the plaintiff was made with Mabel M. Woodward in her individual capacity. The fund in the hands of the garnishees belonging to the administratrix of the deceased cannot be attached by a creditor of Mabel M. Woodward, an individual.

The rule to quash the writ of foreign attachment is made absolute.