**Ruth Johnson COOK, as Administratrix of the Estate of Tom Cook, Deceased**

v.

**SEABOARD COAST LINE RAILROAD COMPANY.**

Civ. A. No. 2620.

United States District Court, S. D. Georgia, Savannah Division.

April 8, 1970.

Richard H. Herndon, Savannah, Ga., for plaintiff.

Arnold C. Young, Malcolm Maclean, Savannah, Ga., for defendant.

*ORDER TO REMAND*

LAWRENCE, District Judge.

This action was removed by the defendant from the Superior Court of Chatham County. Plaintiff has moved to remand on the ground that it is

brought under the Federal Employers' Liability Act and may not be removed. 28 U.S.C. § 1445(a).

The complaint is drawn in the short form ("a short and plain statement of the claim") required under the Georgia Civil Practice Act. Ga. Code § 81A–108(a). It alleges that plaintiff's husband, an employee of the defendant railroad, was killed while performing his customary duties as a switchman when the train upon which he was riding caused him to be wedged between a boxcar and an object near the track. The only connection with commerce between the states must be found, if at all, in the allegation: "Plaintiff brings this action under Title 45, § 51 of the United States Code, namely the Federal Employers' Liability Act."

Defendant contends that plaintiff has failed to allege facts in the complaint sufficient and necessary to establishing a right of action under that statute. Counsel argue that removability must be determined from the complaint as it stood at the time the action was removed. See Great Northern Railroad Company v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; Southern Railway v. Lloyd, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402. So judged, says the defendant, it fell short of showing coverage under the Act and stated no more than a common law tort action. The fatal defect, continue counsel for the railroad, is the lack of any showing in the complaint of interstate activity by the carrier or the decedent. They cite Brinkmeier v. Missouri Pacific Railway Co., 224 U.S. 268, 32 S.Ct. 412, 56 L.Ed. 758 in which the Supreme Court affirmed a state court ruling that no cause of action under the Safety Appliance Act was set forth by a declaration which failed to allege that the car was then moving interstate traffic. That case did not involve removability.

It is true that there is no similar allegation in the present case. However, the action is brought under 45 U.S.C. § 51 and by its terms no suit can be maintained under it unless the common carrier was engaging in commerce between the states and the employee was also engaged in such commerce. If the employee's duties further or affect such commerce he is entitled to the benefits of the Act. Where an action is statedly brought under the F.E.L.A. allegations as to its applicability are to be read into a complaint as though the plaintiff had expressly embodied them.

The Fifth Circuit decision in Porter v. St. Louis-San Francisco Railway Company, 354 F.2d 840 is of much relevance here. That case turned on the plaintiff's failure to allege sufficiently in the state court action that the decedent was an employee of the defendant railroad. The Court said that "Notice pleading under the Federal Rules of Civil Procedure is applicable to the pleadings in this case." It held that the failure to allege employment in terms did not authorize removal of an action in which plaintiff asserted that she was entitled to recover under the Federal Employers' Liability Act for her husband's death. The Court did not deal with what appears to be the failure to allege anything more than that with respect to the interstate commerce character of the interchange movement. Had that question been at issue instead of the lack of allegation as to employment, I am satisified that the Court of Appeals would have ruled as I have done.

Deeming Porter v. St. Louis-San Francisco Railway Company to be controlling, this action is remanded to the Superior Court of Chatham County.