ERIE R. CO. v. KRYSIENSKI.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 58.

1. MASTER AND SERVANT &⇒86—INJURIES TO EMPLOYÉS—INTERSTATE COMMERCE—FEDERAL EMPLOYERS' LIABILITY ACT.

For the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]) to apply, it must appear that the defendant is a carrier engaged in interstate commerce, and that the injured employé was employed by defendant in its interstate business.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137; Dec. Dig. &⇒86.]

2. TRIAL ⊜⟶295(5)—INSTRUCTIONS—CONSIDERATION.

Instructions must be considered as a whole, and so a charge in an action under the federal Employers' Liability Act that the jury must find plaintiff was engaged in the interstate commerce of defendant railroad company at the time of the accident, and that such act was applicable if plaintiff was engaged in taking from a vat a part of an engine that defendant, either through itself or its subsidiary companies, in which it had a stock control, used in interstate commerce, it being immaterial whether the engine was leased by defendant to its subsidiaries for interstate commerce, or used itself, was not open to objection that the jury were directed that defendant's dominant stock ownership in subsidiary companies established a business identity, if not corporate unity.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 708; Dec. Dig. ⊜⟶295(5).]

3. CORPORATIONS ⊜⟶585—IDENTITY—OWNERSHIP.

Even complete stock ownership of one corporation by another does not result in identity of corporate existence.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2332–2337; Dec. Dig. ⊜⟶585.]

4. MASTER AND SERVANT ⊜⟶284(1)—INJURIES TO SERVANT—INTERSTATE COMMERCE—FEDERAL EMPLOYERS' LIABILITY ACT—JURY QUESTION.

Where an employé of the defendant railroad company was injured in removing from a vat a portion of an engine leased by defendant to a subsidiary company, in which defendant had a stock control, and used by such company in interstate commerce, evidence of that fact, together with the fact that the several companies, which were all engaged in interstate commerce, were operated practically under the same management, is sufficient to take to the jury the question whether defendant, in respect to such engine, was engaged in interstate commerce, so that the action for injuries would fall within the federal Employers' Liability Act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1000; Dec. Dig. ⊜⟶284(1).]

5. MASTER AND SERVANT ⊜⟶265(1)—INJURIES TO SERVANT—INTERSTATE COMMERCE—FEDERAL EMPLOYERS' LIABILITY ACT.

In an action under the federal Employers' Liability Act, where the evidence shows that the case might well be within the act, the initial burden is satisfied, and defendant has the burden of showing that the case does not fall within the act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877, 894; Dec. Dig. ⊜⟶265(1).]

In Error to the District Court of the United States for the Southern District of New York.

Action by Tomasz Krysienski against the Erie Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Krysienski (plaintiff below) worked as a laborer for the Erie Railroad (defendant below) in its machine and repair shop. In said shop dirt and grease were removed from engine parts prior to repair work by immersing the same in a vat containing a hot fluid. The verdict has established that the laborer was injured by falling into this vat through the negligence of the railroad, and while engaged in inserting or removing, or otherwise handling, one or more of the engine parts then immersed, or about to be, in said hot fluid. By stock ownership the Erie Company controls two other railroads (New York Susquehanna & Western and New Jersey & New York), both of which are engaged in interstate commerce, as also is the Erie.

All the engines, on some part or parts of which plaintiff below was working

at about the time of the accident, belonged to the Erie Company; but some of them were employed in the business of the stock controlled corporations above named. The terms of employment do not appear, except that the controlled companies agreed to pay the Erie for such repairs as might be made upon engines engaged in their work. The evidence did not render it possible to declare whether or not that particular engine part which the plaintiff below was handling at time of injury had been, or was again to be, used in the business of the controlled railroads or either of them. It appeared without contradiction that the two controlled corporations "operated" their own trains, but that train arrangement and dispatching were attended to by the Erie, whose terminals and connecting tracks were all used in common.

The court charged the jury that, in order to give the plaintiff a verdict, they must find from the evidence that Krysienski was "engaged in the interstate commerce of the defendant (i. e., the Erie Railroad) at the time of the accident," and also instructed them that the federal Liability Act was applicable if they found "from the evidence that the part [which Krysienski] was engaged in taking from the vat was a part of an engine that the Erie Railroad Company either through itself or through its subsidiaries, or the companies in which it had a stock control, used in interstate commerce." It was further charged that "it would make no difference whether the engine was leased by the Erie Railroad for use by the New York, Susquehanna & Western or the New Jersey & New York Railroad Company, provided you believe it was used by those companies in connection with the Erie Railroad Company in interstate commerce."

Plaintiff below had a verdict; to the judgment thereon, this writ was taken.

William C. Cannon, of New York City, for plaintiff in error.

Vine H. Smith, of New York City, for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] It is not doubted that, under the act in question, not only must the defendant sought to be charged be a railway carrier engaged in interstate commerce, but the person who seeks to charge the defendant must have been employed by said defendant, and in that defendant's share of interstate commerce. Pedersen v. Railway, 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; North Carolina R. R. Co. v. Zachary, 232 U. S. at 256, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159.

[2] Since the Erie Company and its controlled roads were, regarded severally and separately, all engaged in interstate transportation, the statute was admittedly applicable, if Krysienski's occupation at the moment of injury was a part of, or assisted in, or contributed to, the interstate commerce of defendant below.

It is insisted that the learned trial judge ruled, in effect, that the Erie Company's dominant stock ownership in the other railways named, was enough to prove business identity, if not corporate unity. No such declaration of law was made. The charge is to be considered, not in fragments, but as a connected whole, and, so viewed, the quotations hereinabove made fairly show how the matter was put to the jury.

[3, 4] Undoubtedly even complete stock ownership of one corporation by another does not result in identity of corporate existence. United States v. Delaware, etc., Co., 213 U. S. 366, 29 Sup. Ct. 527, 53 L. Ed. 836; Stone v. Cleveland, etc., R. R. Co., 202 N. Y. 352, 95 N. E. 816, 35 L. R. A. (N. S.) 770. Yet any kind of controlling interest

was a material circumstance in considering the ultimate question presented. That question is: Whose was the interstate commerce in which an Erie employé was concerned, while repairing in an Erie shop an Erie engine used by the Susquehanna?

The mere fact that the Erie Company owned most of the Susquehanna stock did not answer the question, but it assisted; and when to that fact was added the subordinate carrier's method of getting engines, arranging and dispatching trains, and using terminals, there was enough uncontradicted evidence to justify the jury (and in our opinion the court) in holding that the interstate commerce of the Erie System —i. e., of several co-ordinated and centrally controlled carriers—was in acquisition and performance one commerce belonging to the master company. It matters not that we assume the earnings of the controlled railways to have been kept separate and apart (an assumption most favorable to plaintiff in error), for such earnings were the result of work done for and under the dominant corporation, and as much a part of the latter's business as are the several departments of the modern store, a part of the store business, though each department is owned by its manager, who is not liable for the store's debts.

It follows that the instructions complained of were right, not because of stock control, but because of the manner of doing business, for which stock control probably laid a foundation, but to which it was not at all necessary. The same result might have been reached by a traffic arrangement. Kansas City, etc., Co. v. McAdow, 240 U. S. 51, 36 Sup. Ct. 252, 60 L. Ed. 520.

[5] There is another view of this case (not much pressed at bar), but worthy of mention because of the frequency of claims under this statute. When plaintiff below rested, there was evidence showing that some of the parts in the vat belonged to engines owned, used, and to be used by the defendant itself, as distinct from any of its controlled or subordinate companies. If Krysienski was hurt while laboring on any of these portions of machinery, it is admitted that the statute was aplicable. In Pittsburgh, etc., Co. v. Glinn, 219 Fed. 148, 135 C. C. A. 46, the court said:

"Where the facts show the case may well have been within the statute, the initial burden is satisfied, and it is for the defendant to show the contrary."

We agree with this ruling. Applying it to the present cause, the plaintiff below showed circumstances produced by the orders or business customs of the Erie Company, to which the statute could apply; the burden of proof then lay on the defendant below to show inapplicability. Such burden admittedly has not been borne.

Judgment affirmed, with costs.

238 F.—10