# WASHINGTON RAILWAY & ELECTRIC COMPANY *v.* SCALA.

CARRIERS; RAILROADS; EMPLOYERS LIABILITY ACT; MASTER AND SERVANT;
     NEGLIGENCE; PLEADING; AMENDMENT; DAMAGES; EVIDENCE.

1. A railway company which, under its own charter, operates a street rail-
   way line in the District of Columbia, and operates also under con-
   tract a connecting suburban and interurban line extending into Mary-
   land, is a common carrier by railroad within the meaning of the
   Employers' Liability Act of Congress of April 22, 1908 (35 Stat. at
   L. 65), as amended by the Act of April 5, 1910 (36 Stat. at L. 291,
   chap. 143, Comp. Stat. 1913, sec. 8665).

2. In an action under the Employers' Liability Act of Congress against an
   electric railway company to recover for the death of a former con-
   ductor of the company, who was killed by being struck by a trolley
   pole while standing at night in a stooping position on the running
   board of his car, where he was collecting fares, and while the car
   was running at a speed of from 20 to 30 miles an hour, it was *held*
   that the decedent had not assumed the risk of such an injury, and
   that there was sufficient evidence of negligence on the part of the
   defendant to be submitted to the jury, where it appeared that the
   trolley poles of the defendant, located at short intervals apart, were
   not uniformly located with relation to the tracks, but varied in dis-
   tance therefrom according to the right of way; that the pole in ques-
   tion was at a point where the tracks curved, and was only a frac-
   tion over 19 inches from the outer edge of the running board of a
   car when the car passed it, and in closer proximity to the track
   than any other pole in that vicinity, and that the track at the point
   in question was not lighted.

3. By consenting to an amendment of a declaration so that it will claim
   damages for the pain and suffering of the plaintiff's intestate, the
   defendant does not waive his right to plead the Statute of Limita-
   tions.

4. The plaintiff has a right to amend his declaration where a new cause
   of action is not stated (citing *Neubeck* v. *Lynch*, 37 App. D. C. 576;

NOTE.—On constitutionality, application, and effect of Federal Employers'
Liability Act, see comprehensive notes in 47 L.R.A.(N.S.) 38, and L.R.A.
1915C, 47.

*District of Columbia* v. *Frazer,* 21 App. D. C. 154; and *Steven* v. *Saunders,* 34 App. D. C. 321), and the allegation of additional facts affecting the measure of damages is not the statement of a new cause of action.

5. Under the Employers' Liability Act of Congress, as amended by the Act of Congress of April 5, 1910, the administrator of a deceased employee has the right in one action to recover not only for the pecuniary loss sustained by the next of kin, but also for the pain and suffering which the deceased underwent before he died.

6. A motion by the defendant for a continuance, made upon the granting of leave to the plaintiff to amend the declaration at the trial, is addressed to the sound discretion of the trial court, and its action in denying the motion will not be reviewed on appeal unless it is apparent that it constituted prejudicial error.

7. Where, at the close of a trial and at the suggestion of the trial court, the plaintiff amends his declaration so as to make it conform to evidence which has been introduced without objection by the defendant, and the defendant makes no claim that he could produce new or additional evidence at a future hearing, it is not error for the trial court to deny a motion by the defendant for a continuance.

8. In an action by an administratrix under the Employers' Liability Act to recover damages for the pain and suffering of her intestate, who was struck by a trolley pole and lived about an hour, evidence that during that time he was conscious is sufficient to support a judgment for the plaintiff. Whether he suffered pain is a question of fact for the jury.

No. 2935.   Submitted October 10, 1916.   Decided December 4, 1916.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action by an administratrix to recover damages for the death of her intestate.                                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment of the supreme court of the District of Columbia in favor of appellee, plaintiff below, in a suit to recover damages for the death of plaintiff's decedent, Alvin Joseph Scala, who was killed while in the employ of de-

fendant ·company, the Washington Railway & Electric Company as conductor on one of its cars.

It appears that defendant operates a double track electric railway line in connection with its street railway system from the city of Washington, through the District, into the State of Maryland, to a point known as Cabin Johns bridge. The line, after leaving the city, is constructed under a separate charter, and extends through a right of way owned by the railway company. The cars are propelled by electricity conveyed from an overhead trolley which is supported from trolley poles erected at frequent intervals along each side of the tracks.

The accident which caused the death of the decedent, plaintiff's son, occurred about 8:15 p. m. on July 8, 1913. Decedent was standing on the running board of a summer car, collecting tickets, when he stooped for some purpose, and while in this position his body, protruding from the car, came in contact with trolley pole ·number 187, knocking him from the car and inflicting the injuries from which he shortly thereafter died.

. *Mr. John S. Barbour,* for the appellant, in his brief cited:

*American R. Co.* v. *Didricksen,* 227 U. S. 145, 149, 57 L. ed. 456, 457, 33 Sup. Ct. Rep. 224; *Austin* v. *Boston & M. R. Co.* (Mass.) 41 N. E. 288; 2 Bailey, Personal Injuries, 2d ed. Secs. 353, 356, note; *Baltimore & O. R. Co.* v. *Stricker,* 51 Md. 47; *Bank of United States* v. *Smith,* 11 Wheat. 171, 174, 6 L. ed. 443, 444; *Baylor* v. *Delaware, L. & W. R. Co.* 47 N. J. L. 23; *Bell* v. *Railroad Co.* 168 Mass. 443, 47 N. E. 118; *Bengston* v. *Chicago & St. P. R. Co.* 47 Minn. 486; 2 Bouvier's Law Dict.; *Boyd* v. *Harris,* 176 Pa. 484; *Brewer* v. *Railway Co.* 45 Hun, 595, 11 L.R.A. 485, 21 Am. St. Rep. 647, 26 N. E. 325; *Bridge Proprietors* v. *Hoboken Co.* 1 Wall. 116, 17 L. ed. 571; *Brossman* v. *Railroad Co.* 113 Pa. 490, 6 Atl. 226; *Brown* v. *Railway Co.* 69 Iowa, 61; *Buel* v. *Transfer Co.* 45 Mo. 563; *Buntin* v. *Railway Co.* 41 Fed. 749; *Butler* v. *Frazee,* 25 App. D. C. 392; *Carbine* v. *B. & R. R. Co.* 61 Vt. 348; *Carr* v. *Grand Trunk R. Co.* 152 Mich. 138; *Cen-*

*tral of Georgia R. Co.* v. *Lippman,* 110 Ga. 665, 50 L.R.A. 673; *Christy* v. *Farlin,* 49 Mich. 319, 13 N. W. 607; *Clarke* v. *Holmes,* 7 H. & N. 937; *Crofford* v. *Cathran,* 2 Sneed, 492; *Crowley* v. *Pacific Mills,* 148 Mass. 228, 19 N. E. 344; Dan. Ch. Pl. & Pr. 368; *Davidson* v. *Cornell,* 132 N. Y. 228; *De-Forest* v. *Jewett,* 88 N. Y. 264; *DeLuca* v. *Hughes,* 96 Fed. 925; *DeYlurbide* v. *Metropolitan Club,* 11 App. D. C. 180; *Drake* v. *Auburn City R. Co.* (N. Y.) 66 N. E. 121; Dresser, Employers' Liability, Sec. 80; *Dudley* v. *Price,* 10 B. Mon. 88; *Engine Works* v. *Randall,* 100 Ind. 293; *Eylenfeldt* v. *Steel Co.* 165 Ill. 185, 46 N. E. 266; *Fallon* v. *West End Street R. Co.* 171 Mass. 249, 50 N. E. 536; *Farren* v. *Old Colony R. Co.* 143 Mass. 200; *Flatley* v. *Railroad Co.* 9 Heisk. 237; *Fleming* v. *St. Paul, P. & D. R. Co.* 6 N. W. 448; *Fletcher* v. *Philadelphia Traction Co.* 190 Pa. 117; *Funk* v. *St. Paul Street R. Co.* 61 Minn. 435, 29 L.R.A. 208, 52 Am. St. Rep. 608; *Garrett* v. *L. & N. R. Co.* 235 U. S. 308, 59 L. ed. 242; *German* v. *Judge,* 27 Mich. 138; *Gibson* v. *Erie R. Co.* 63 N. Y. 449, 20 Am. Rep. 552; *Gila Valley R. Co.* v. *Hall,* 232 U. S. 93, 58 L. ed. 521; *Godfrey* v. *St. Louis Tourist Co.* 107 Mo. 193; *Gould* v. *Railway Co.* 66 Iowa, 590; 2 Greenl. Ev. Sec. 211; *Harrison* v. *Nixon,* 9 Pet. 483, 9 L. ed. 201, 208; *Hayden* v. *Smithville Mfg. Co.* 29 Conn. 548; *Hayden* v. *Welch,* 52 Ill. 183; *Hayzel* v. *Columbia R. Co.* 19 App. D. C. 371; *Hickey* v. *Taaffe,* 105 N. Y. 26, 12 N. E. 286; *Hughes* v. *Indiana Traction Co.* (Ind.) 105 N. E. 537; *Hurst* v. *Detroit City R. Co.* 84 Mich. 539; Hutchison, Carr. sec. 47; *Jacobs* v. *Insurance Co.* 86 Iowa, 145, 53 N. W. 101; *Jarvis* v. *Hitch,* 161 Ind. 217, 67 N. E. 1057; *Johnson* v. *Met. Street R. Co.* 104 Mo. App. 588; *Johnson* v. *Railroad Co.* 43 Minn. 222, 8 L.R.A. 419; *Kain* v. *Smith,* 89 N. Y. 375; *Kohn* v. *McNulta,* 147 U. S. 238, 37 L. ed. 150; *Ladd* v. *Brockton Street R. Co.* 62 N. E. 730; *Lavalee* v. *Railway Co.* 40 Minn. 263, 41 N. W. 974; *Lemoine* v. *Aldrich,* 177 Mass. 89, 58 N. E. 178; *Louisville & P. R. Co.* v. *Louisville City R. Co.* 2 Duv. (Ky.) 175; *Lovejoy* v. *Railroad Co.* 125 Mass. 79; *McGovern* v. *Central Vermont R. Co.* 123 N. Y. 280, 25 N. E. 373; *Mc-*

*Leod* v. *Chicago, etc., R. Co.* 125 Iowa, 270; *McLeod* v. *New York C. & H. R. R. Co.* 191 Mass. 389, 114 Am. St. Rep. 628, 77 N. E. 715; *Michigan C. R. Co.* v. *Vreeland,* 227 U. S. 59, 57 L. ed. 417; *Minor* v. *Mechanics Bank,* 1 Pet. 46, 7 L. ed. 47; *Mohr* v. *Lemle,* 69 Ala. 180; *Myers* v. *Railroad Co.* 37 C. C. A. 137, 95 Fed. 406; *Naylor* v. *Railway Co.* 53 Wis. 661, 11 N. W. 24; *Nelson* v. *First Nat. Bank,* 139 Ala. 578, 101 Am. St. Rep. 55; *New York C. & St. L.* v. *Ostman* (Ind.) 45 N. E. 652; *New York C. & H. R. R. Co.* v. *Shirley,* 120 N. Y. Supp. 192; *Newcomer* v. *Keedy,* 9 Gill, 263; *Newton* v. *Allis,* 12 Wis. 378; *Norfolk Traction Co.* v. *Ellington,* 108 Va. 245, 17 L.R.A.(N.S.) 117, 61 S. E. 779; *Omaha & C. B. Street R. Co.* v. *Interstate Commerce Commission,* 191 Fed. 40; *Omaha & C. B. Street R. Co.* v. *Interstate Commerce Commission,* 230 U. S. 324, 57 L. ed. 1501; *Owen* v. *Railroad Co.* 1 Lans. 108; *Perigo* v. *Railway Co.* 52 Iowa, 276; *Phalman* v. *Det. City R. Co.* 122 Mich. 232; *Pikesville & E. R. Co.* v. *State,* 88 Md. 563, 42 Atl. 214; *Pittsburgh, L. & C. R. Co.* v. *Sentmyer,* 11 Norris, 280; *Power Co.* v. *Murphy,* 115 Ind. 566, 18 N. E. 30; *Railroad Co.* v. *Campbell,* 170 Ill. 167, 49 N. E. 314; *Railroad Co.* v. *Jones,* 149 Ill. 361, 37 N. E. 247; *Railroad Co.* v. *Smith,* 81 Ala. 229, 1 So. 723; *Railway Co.* v. *Cox,* 145 U. S. 393, 601, 606, 36 L. ed. 829, 12 Sup. Ct. Rep. 905; *Railway Co.* v. *Downey,* 40 App. D. C. 147; *Railway Co.* v. *Downey,* 236 U. S. 190, 59 L. ed. 533; *Railway Co.* v. *Ellis,* 165 U. S. 150, 41 L. ed. 666; *Railway Co.* v. *Somers,* 71 Tex. 700; *Railway Co.* v. *Wyler,* 154 U. S. 285, 289, 298, 39 L. ed. 982, 15 Sup. Ct. Rep. 877; *Randall* v. *Baltimore & O. R. Co.* 109 U. S. 478, 27 L. ed. 1003; *Reese* v. *Philadelphia & R. R. Co.* U. S. Adv. Ops. 1915, p. 134; *Riley* v. *Galveston City R. Co.* 13 Tex. Civ. App. 247; *Rock* v. *Retsoff Min. Co.* 40 N. Y. S. R. 556; *Ryan* v. *Railroad Co.* (Mass.) 47 N. E. 877; *Sams* v. *St. Louis & M. R. Co.* 174 Mo. 53, 61 L.R.A. 475, 73 S. W. 686; *Scanlon* v *Boston &c R. Co.* 147 Mass. 484, 9 Am. St. Rep. 733, 18 N. E. 209; *Schulze* v. *Fox,* 53 Md. 37; *Scovill* v. *Glasner,* 79 Mo. 453; *Seaboard Air Line* v. *Horton,* 233 U. S. 492, 58 L. ed. 1062; *Sicard* v. *Davis,* 6

Pet. 124, 8 L. ed. 343; *Southern P. R. Co.* v. *Seley,* 152 U.
S. 145, 38 L. ed. 391; *Southern R. Co.* v. *Crockett,* 234 U. S.
725, 58 L. ed. 1567; *St. Louis, I. M. & S. R. Co.* v. *Craft,* 237
U. S. 648, 59 L. ed. 1160; *Stewart* v. *Ohio River Co.* (W. Va.)
20 S. E. 922; *Sullivan* v. *Cap. Trac. Co.* 34 App. D. C. 358;
*Sweeney* v. *Berlin & J. Env. Co.* 101 N. Y. 520, 54 Am. Rep.
722, 5 N. E. 358; *Texas & P. R. Co.* v. *Aldrich,* 170 U. S.
665, 42 L. ed. 1188, 18 Sup. Ct. Rep. 777; *Thain* v. *Old Col-
ony R. Co.* 161 Mass. 353, 37 N. E. 309; *Todd* v. *Old Colony
R. Co.* 3 Allen, 18; *Tuttle* v. *Grand Haven & M. R. Co.* 122
U. S. 189, 30 L. ed. 1114; *Washington & G. R. Co.* v. *McDade,*
135 U. S. 570, 34 L. ed. 241, 10 Sup. Ct. Rep. 1044; *Wells*
v. *B. C. R. & N. R.* 36 Iowa, 520; Whart. Neg. Sec. 214;
*Whalen* v. *Gordon,* 95 Fed. 305; *Whatley* v. *Zenida Coal Co.*
122 Ala. 118, 26 So. 124; *Williams* v. *Delaware L. & W. R.
Co.* 116 N. Y. 628, 22 N. E. 1117; *Willson* v. *Rock Creek R.
Co.* 7 Inters. Com. Rep. 83; *Wilson* v. *Lake Shore R. Co.* 145
Mich. 509; *Wooley* v. *Railroad Co.* L. R. 2 Exch. Div. 389;
*Van de Haar* v. *Van Domseler,* 56 Iowa, 676, 10 N. W. 227;
1 Enc. Pl. & Pr. 569, 570; 25 Cyc. 1308; 31 Cyc. 413.

*Mr. Daniel W. O'Donoghue* and *Mr. Arthur A. Alexander,*
for the appellee, in their brief cited:

*Baker* v. *Warner,* 231 U. S. 588; *Bower* v. *C. & N. W. R.
Co.* — U. S. —, June 5, 1916; *Bradshaw* v. *Stott,* 7 App. D.
C. 276; *Brown* v. *B. & M. R. Co.* 218 Fed. 625; *Chapman* v.
*Cap. Traction Co.* 37 App. D. C. 479; *Chi. G. W. R. Co.* v.
*LeValley,* 233 Fed. 384; *Conarty* v. *St. L. I. M. & S. R. Co.* 106
Ark. 421; *Conarty* v. *St. L. I. M. & S. R. Co.* 238 U. S. 243;
*Caronas* v. *Am. R. Co.* 230 Fed. 545; *Craft* v. *St. L. I. M. &
S. R. Co.* 237 U. S. 648; *Craft* v. *St. L. I. M. & S. R. Co.*
— Ark. —, 171 S. W. 1185; *Crandall* v. *Lynch,* 20 App. D. C.
73; *De Atley* v. *C. & C. O. R. Co.* — U. S. —, May 22, 1916;
*Didricksen* v. *A. R. R. of P. R.* 227 U. S. 145; *Dist. Col.* v.
*Frazer,* 21 App. D. C. 154; *Downey* v. *Washington R. Co.* 40
App. D. C. 147; *Earnest* v. *R. Co.* 229 U. S. 114; *Employers'*

*Liability Cases,* 207 U. S. 497; *Fuller Co.* v. *McCloskey,* 228 U. S. 194; *Fuller Co.* v. *McCloskey,* 35 App. D. C. 595; *Garrett* v. *L. & N. R. Co.* 235 U. S. 308; *Goldsby* v. *United States,* 160 U. S. 70; *Hall* v. *G. V. G. & N. R. Co.* 232 U. S. 94; *Hanna* v. *Massachusetts,* 122 U. S. 24; *Hines* v. *Hines,* 43 App. D. C. 277; *Harvey* v. *T. & P. R. Co.* 228 U. S. 319; *Hurst* v. *Detroit C. R. Co.* 84 Mich. 539; *Horton* v. *S. A. L.* 233 U. S. 492; *Holbrook* v. *N. & W. R. Co.* 235 U. S. 625; *Ill. Surety Co.* v. *Peeler,* 240 U. S. 214; *Johnson-Wynne Co.* v. *Wright,* 28 App. D. C. 375; *Kerse* v. *K. & M. R. Co.* — U. S. —, Jan. 10, 1916; *Koennecke* v. *Seaboard A. L.* 239 U. S. 352; *Leslie* v. *K. C. S. R. Co.* 238 U. S. 599; *Lindsay* v. *G. T. W. R. Co.* 233 U. S. 542; *McAdow* v. *K. C. W. R. Co.* 240 U. S. 51; *McAdow* v. *K. C. W. Ry. Co.* 164 S. W. 188; *McDermott* v. *Severe,* 202 U. S. 600; *Maerkl* v. *Northern P. R. Co.* 198 Fed. 1; *Main* v. *Aukam,* 4 App. D. C. 51; *Murphy* v. *Gould,* 39 App. D. C. 363; *Neubeck* v. *Lynch,* 37 App. D. C. 576; *Norman* v. *United States,* 20 App. D. C. 494; *Omaha & C. B. Street R. Co.* v. *I. C. C.* 230 U. S. 324; *Padgett* v. *S. A. L.* 236 U. S. 668; *Reese* v. *P. R. R. Co.* — U. S. —, Dec. 20, 1915; *Renn* v. *Seaboard A. L.* 241 U. S. 290; *Riddle* v. *Gibson,* 29 App. D. C. 237; *Second Employers' Liabilities Cases,* 223 U. S. 1; *Slye* v. *Guerdrum,* 29 App. D. C. 551; *Spokane & I. E. R. Co.* v. *United States,* 210 Fed.; *Spokane & I. E. R. Co.* v. *United States,* 241 U. S. 344; *Spokane & I. E. R. Co.* v. *Campbell,* 217 Fed. 518; *Spokane & I. E. R. Co.* v. *Campbell,* 241 U. S. 497; *South C. & C. R. Co.* v. *Finan,* 153 Ky. 340; *South C. & C. R. Co.* v. *Covington,* 235 U. S. 350; *Stevens* v. *Saunders,* 34 App. D. C. 321; *Tucker* v. *R. R. Co.* 35 App. D. C. 123; *Tilghman* v. *S. A. L.* 237 U. S. 499; *Tuttle* v. *G. H. & M. R. Co.* 122 U. S. 189; *Tyssowski* v. *Smith,* 35 App. D. C. 403; *Union P. R. Co.* v. *Wyler,* 158 U. S. 285; *United States* v. *B. & O. S. W. R. R. Co.* 226 U. S. 14; *Vreeland* v. *Michigan C. R. Co.* 227 U. S. 59; *Walker Furn. Co.* v. *Dyson,* 32 App. D. C. 90; *Wash. R. & E. Co.* v. *Washington T. Co.* 44 App. D. C. 470; *Wash. U. Co.* v. *Wadley,* 44 App. D. C. 176; *White* v. *R. Co.* 238 U. S. 507; *West D. Co.* v. *Plummer,*

44 App. D. C. 345; *Whalen* v. *Gordon,* 95 Fed. 305; *Wulf* v. *Missouri, K. & T. R. Co.* 226 U. S. 570.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The case is here under the Employers' Liability Act of April 22, 1908 (35 Stat. at L. 65, chap. 149) as amended by the Act of April 5, 1910 (36 Stat. at L. 291, chap. 143, Comp. Stat. 1913, sec. 8665) which provides: "Sec. 9. That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury."

It is contended by counsel for defendant that defendant company is not a common carrier by railroad within the terms of the Employers' Liability Act. The Washington & Great Falls Electric Railway Company was incorporated under the Act of Congress of July 29, 1892 (27 Stat. at L. 326, chap. 322). An examination of this act and the acts amendatory thereof— August 23, 1894 (28 Stat. at L. 492, chap. 316, Comp. Stat. 1913, sec. 9269) June 3, 1896 (29 Stat. at L. 246, chap. 317) and June 5, 1900 (31 Stat. at L. 270, chap. 718)—disclose that the company was chartered, not as a street railway company, but as an electric trolley suburban and interurban railway company, with power to extend its line westwardly from Thirty-sixth and Prospect streets, this city, to Cabin John Creek, in Maryland. It thus extended from the western edge of the city through small suburbs and country, possessed power of eminent domain to acquire right of way, and was required to maintain a passenger station at the point of beginning. Later, when it changed its name, a contract was made connecting its road with a street railway line extending eastwardly into and through the city.

This case is analogous to the situation disclosed in the case of *Kansas City Western R. Co.* v. *McAdow,* 240 U. S. 51, 60 L.

ed. 520, 36 Sup. Ct. Rep. 252, 11 N. C. C. A. 857, where the railway company operated an electric trolley line between Leavenworth, Kansas, and Kansas City, Missouri, where it connected with the lines of a street railway company over whose line its cars were run from and to the terminus of its own line. A motorman was injured in Kansas, and the suit was brought under the Federal Employers' Liability Act. Judgment was recovered, and the Supreme Court, in its opinion affirming the judgment, said: "The defendant's road appears to be of the class of the traction company that was before the court in *United States* v. *Baltimore & O. S. W. R. Co.* 226 U. S. 14, 57 L. ed. 104, 33 Sup. Ct. Rep. 5, and that was excepted from the decision in *Omaha & C. B. Street R. Co.* v. *Interstate Commerce Commission,* 230 U. S. 324, 337, 57 L. ed. 1501, 1506, 46 L.R.A.(N.S.) 385, 33 Sup. Ct. Rep. 890. Such roads have been held to be within the act of Congress. *Spokane & I. E. R. Co.* v. *Campbell,* 133 C. C. A. 370, 217 Fed. 518. See Act of June 18, 1910, chap. 309, sec. 12, 36 Stat. at L. 539, 552, Comp. Stat. 1913, sec. 8583.

This decision disposes of the Omaha & Council Bluffs Case, the only Federal case relied upon by counsel for defendant. That case is not in point here. It involved the question of the jurisdiction of the Interstate Commerce Commission over a company operating a purely street railway line extending into and between the cities of Omaha, Nebraska, and Council Bluffs, Iowa, along city streets through which it acquired its right of way, with privilege to operate through the cities subject to city regulations. It is therefore not analogous to this case.

Defendant attempts· to invoke the doctrine of assumed risk. Deceased had made ninety-four trips over the road in his capacity of conductor. He would be presumed, doubtless, with this experience, to be familiar with dangerous conditions of a permanent character existing along the road. But we do not think, under the evidence, that the close proximity of the trolley pole to the track was so obvious a danger as to attract the attention of a reasonably prudent person and put him on guard against the sort of accident that befell this employee. The rail-

road, throughout its length, was lined with trolley poles on either side of the tracks, standing at short intervals apart. They were not uniformly situated with relation to the tracks, but varied in distance therefrom according to the topography of the right of way. Pole 187, the testimony shows, was in closer proximity to the tracks than any other pole in that vicinity. It stood but 3 feet 11 inches from the inside of the near rail, and but 19⅜ inches from the outer edge of the running board of the car. At this point there was a curve in the track which caused the car to rock toward the pole. There is testimony that it was dark, and the track at this point was not lighted. We think there was not only sufficient evidence to establish negligence on the part of the defendant, but that the plea of assumed risk must fail.

There is evidence that at the moment of the accident, the car was running at from 20 to 30 miles per hour. A conductor busily engaged in transacting the company's business would not be presumed to have noticed the particular position of pole 187 in a zigzag, irregular line of several hundred poles and be required to guard against it by night and day from a car moving at this high rate of speed.

We come now to a more difficult question. Error is assigned in the court below permitting plaintiff to amend her declaration more than two years after the accident, to include a claim for damages for the pain and suffering sustained by the decedent prior to his death as the result of the injuries received. The amendment was allowed, and defendant entered a plea to the effect that the amendment was barred by the provision of the statute limiting the time within which actions can be brought under it to two years. Plaintiff demurred to the plea, and the court sustained the demurrer. The question thus presented is, Whether or not, under the Employers' Liability Act, the right of the representative to recover damages for the pain and suffering endured by the decedent constitutes a separate and distinct cause of action?

The fact that counsel for defendant, seven days before the trial, consented to the allowance of the amendment, in no way

waives his right to make the defense of limitations. The consent covered only the right to insert the amendment in the declaration, but did not waive defenses thereto. *Union P. R. Co.* v. *Wyler,* 158 U. S. 285, 39 L. ed. 983, 15 Sup. Ct. Rep. 877.

At common law the right of action for a personal injury is extinguished by the death of the injured party. The maxim, *"Actio personalis moritur cum persona,"* applies, whether the death be instantaneous or not. The original Act of 1906 created no right of survival to the next of kin of the right of action belonging to an injured employee. That is, no right to recover for pain and suffering, as existed in the injured party at common law, survived by the Act of 1908 to his next of kin. The sole right of recovery under the act on their behalf depended upon the death of the injured party.

The first section of the act, however, provides for two rights of action based upon the same wrongful act. The injured employee has a right of action for damages for personal loss and suffering where his injuries are not immediately fatal. His personal representative, on behalf of certain designated relatives, has also a right of action for any pecuniary loss which they may sustain by reason of his death. In other words, the act made no provision for the survival of the right which belonged to the injured employee; hence, as at common law, it died with him.

In *Michigan C. R. Co.* v. *Vreeland,* 227 U. S. 59, 57 L. ed. 417, 33 Sup. Ct. Rep. 192, Ann. Cas. 1914C, 176, the court defined the scope of the original Act of 1908 as follows: "The obvious purpose of Congress was to save a right of action to certain relatives dependent upon an employee wrongfully injured for the loss and damage resulting to them financially by reason of the wrongful death. Thus, after declaring liability of the employer to the injured servant, it adds,—'or in case of the death of such employee, to his or her personal representatives, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent

upon such employee, for such injury or death,' etc.  There is no express or implied limitation of the liability to cases in which the death was instantaneous.  This cause of action is independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he had survived.  It is one beyond that which the decedent had,—one proceeding upon altogether different principles.  It is a liability for the loss and damage sustained by relatives dependent upon the decedent.  It is therefore a liability for the pecuniary damage resulting to them and for that only."

The amendment of 1910, supra, however, clearly created in the relatives a survival of the right which belonged to the injured party under the original act.  The scope of the act, as amended, is expressed in *St. Louis, I. M. & S. R. Co.* v. *Craft,* 237 U. S. 648, 657, 59 L. ed. 1160, 1163, 35 Sup. Ct. Rep. 704, 9 N. C. C. A. 754, as follows: "No change was made in section 1.  *Taylor* v. *Taylor,* 232 U. S. 363, 370, 58 L. ed. 638, 641, 34 Sup. Ct. Rep. 350, 6 N. C. C. A. 436.  It continues, as before, to provide for two distinct rights of action: one in the injured person for his personal loss and suffering where the injuries are not immediately fatal, and the other in his personal representative for the pecuniary loss sustained by designated relatives where the injuries immediately or ultimately result in death. Without abrogating or curtailing either right, the new section provides in exact words that the right given to injured persons 'shall survive' to his personal representative 'for the benefit of' the same relatives in whose behalf the other right is given. Brought into the act by way of amendment, this provision expresses the deliberate will of Congress.  Its terms are direct, evidently carefully chosen, and should be given effect accordingly.  It does not mean that the injured person's right shall survive to his personal representative, and yet be unenforceable by the latter, or that the survival shall be for the benefit of the designated relatives and yet be of no avail to them.  On the contrary, it means that the right existing in the injured person at his death—a right covering his loss and suffering while he lived, but taking no account of his premature death or of what

he would have earned or accomplished in the natural span of life—shall survive to his personal representative to the end that it may be enforced and the proceeds paid to the relatives indicated."

The purely statutory right of the designated relatives to recover for the pain and suffering endured by the decedent being established, we come now directly to the question of whether or not this right of recovery constitutes a separate and distinct cause of action. On this point, the court in the *Craft Case* said: "Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong, but a single recovery for a double wrong."

We have, therefore, a single right of action for a double wrong. The two claims, though distinct, originate in the injury which is the basis of the right of action to recover damages on one or both claims. In other words, the right of recovery for pain and suffering is an additional claim constituting an element of damage growing out of the injury inflicted upon which the single cause of action is based. Indeed, the statute itself limits the recovery on the two claims to a single action, providing that "in such cases there shall be only one recovery for the same injury." The right to thus amend without stating a new cause of action is supported in principle by numerous decisions of this court. *Neubeck* v. *Lynch,* 37 App. D. C. 576, 37 L.R.A.(N.S.) 813; *District of Columbia* v. *Frazer,* 21 App. D. C. 154; *Steven* v. *Saunders,* 34 App. D. C. 321.

Counsel for defendant lays great stress upon the case of *Union P. R. Co.* v. *Wyler,* 158 U. S. 285, 39 L. ed. 983, 15 Sup. Ct. Rep. 877, as supporting his contention. In that case the action in tort to recover damages for personal injuries was brought in the State of Missouri, and the declaration stated a

cause of action under the common law as applicable to such actions in that State. It was afterwards sought to amend the declaration to establish a cause of action under a statute of Kansas. The court held that this constituted a different cause of action. It was a departure from law to law. In the present case the departure is not even from fact to fact. It in no way changes, limits, or modifies the cause of action as originally stated. It merely alleges additional facts affecting the measure of damages. Such amendments, it has been held, are proper, and relate in point of time back to the date of filing the original declaration.

Error is assigned in the refusal of the court to grant a continuance of the case when the amendment was made. The case was tried apparently upon the theory that the allegations of the declaration were sufficient to support a recovery for pain and suffering. The evidence on the part of both plaintiff and defendant was elicited on this theory. It was at the close of the trial that the court suggested the amendment to counsel for plaintiff. The amendment simply made the declaration conform to the evidence. Defendant cannot claim surprise, as the evidence had been admitted without objection. It would have been futile to have continued the case. Defendant made no proffer of new or additional evidence to be adduced at a future hearing, and we must assume that he possessed none. The motion was addressed to the sound discretion of the trial judge, and, unless it is apparent that a prejudicial error was committed, we will not attempt to control his discretion. A careful review of the record convinces us that no such error exists.

We now come to the general assignment charging error in the court's denial of a motion for an instructed verdict on the insufficiency of the evidence to establish negligence on the part of defendant. As suggested under the head of assumed risk, we have no hesitancy in holding defendant company guilty of negligence in erecting and maintaining the trolley pole in question in such close proximity to the track as to render the place unsafe for an employee engaged in the duties deceased was performing at the time of the accident. As to the sufficiency of the

evidence to support the judgment for damages for pain and suffering endured by deceased, we entertain no doubt. Though decedent lived less than an hour after the happening of the accident, there is ample testimony of consciousness, and, as the court said in the *Craft Case,* where the evidence of consciousness was not so convincing as here: "The jury found that he was conscious, and both state courts accepted that solution of the dispute. Of course, the question here is not which way the evidence preponderated, but whether there was evidence from which the jury reasonably could find that while he lived he endured conscious pain and suffering as a result of his injuries. That question, we are persuaded, must be answered in the affirmative. But to avoid any misapprehension it is well to observe that the case is close to the border line, for such pain and suffering as are substantially contemporaneous with death or mere incidents to it, as also the short periods of insensibility which sometimes intervene between fatal injuries and death, afford no basis for a separate estimation or award of damages under statutes like that which is controlling here." Like all other questions of fact, this question is for the determination of the jury.

Numerous errors are assigned to the granting of plaintiff's prayers. Without considering these assignments separately, it is sufficient to state that upon a careful consideration of the prayers granted, together with the able charge of the trial justice, we find no error.

The judgment is affirmed with costs.  *Affirmed.*

A writ of error from the Supreme Court of the United States was allowed December 8, 1916.