**Edward LAMB, Appellant,**

v.

**Pat SUTTON and WSM, Inc., Appellees.**

**Edward LAMB, Appellant,**

v.

**Pat SUTTON and WLAC, Inc., Appellees.**

**No. 13950.**

United States Court of Appeals
Sixth Circuit.

Feb. 19, 1960.

---

Kenneth Harwell, and Lewis S. Pope, Nashville, Tenn., for appellant.

Edwin F. Hunt, and Charles C. Trabue, Jr., Nashville, Tenn., for appellees.

Allen M. Steele, Trabue, Sturdivant & Harbison, Nashville, Tenn., on the brief for WLAC, Inc.

W. F. Barry, Joseph G. Cummings, Lindsey M. Davis, and Howard, Davis, Boult & Hunt, Nashville, Tenn., on the brief for WSM, Inc.

Before MILLER and WEICK, Circuit Judges, and THORNTON, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant brought separate actions in the District Court, naming as defendants in one action the appellees Pat Sutton and WSM, Inc., and naming as defendants in the other action the appellees Pat Sutton and WLAC, Inc. WSM, Inc., operated a radio station and television station on a commercial basis in Nashville, Tennessee. WLAC, Inc., operated a radio station on a commercial basis in Nashville, Tennessee.

Appellee Sutton was a candidate for the office of United States Senator from Tennessee, opposing Senator Estes Kefauver in the Democratic primary held August 4, 1954. The actions sought damages against the appellees for alleged untrue and slanderous statements which the appellee Sutton made about the appellant in support of his candidacy in a so-called "Talkathon" over the facilities of the radio and television stations referred to above, covering a period of twenty-six and one-half hours on July 12 and 13, 1954. The cases were heard together by a jury. The District Judge overruled motions of WSM, Inc., and WLAC, Inc., for directed verdicts and submitted the cases to the jury. The jury returned a verdict of $15,000.00 against appellees Sutton and WSM, Inc., and a verdict of $10,000.00 against appellees Sutton and WLAC, Inc.

Thereafter, the District Judge sustained motions of WSM, Inc., and WLAC, Inc., to set aside the verdicts and for judgment in accordance with their motions for directed verdicts, and dismissed the actions against these appellees.

This appeal followed. Sutton took no appeal. The cases were consolidated for the purposes of appeal.

Appellees' motions for directed verdicts were based on the ground "that by reason of Section 315, the Federal Communications Act of 1934 [47 U.S.C.A. § 315], it has a privilege or immunity from suit for defamation based upon material broadcast by a legally qualified candidate for public office who was granted time by the licensee after his opponent had been granted time." This contention was sustained by the District Judge.

■ At the time when these cases were tried and decided the Supreme Court had not decided the case of Farmers Educational and Co-operative Union of America, North Dakota Division v. WDAY, Inc. This case was subsequently decided on June 29, 1959, and is reported at 360 U.S. 525, 79 S.Ct. 1302, 3 L.Ed.2d 1407. The Supreme Court ruled in that case in a five to four decision that Section 315 of the Federal Communications Act of 1934 bars a broadcasting station from removing defamatory statements contained in speeches broadcast by legally qualified candidates for public office and that the section grants the station a federal immunity from liability for libelous statements so broadcast. That ruling was made subsequent to the taking of the appeals in the cases below. It is controlling at this time, and, unless there is some merit in other contentions made by the appellant, it requires an affirmance of the judgments.

■ With that main issue removed from the case, the appellant now relies upon several other contentions, which in our opinion are largely technical and have no merit. Chief among these is the contention that Section 315 grants the immunity only in the case of "a legally qualified candidate," and that although Sutton and Senator Kefauver were announced candidates for the Democratic nomination for United States Senator, it was not alleged in the answers, or prov-

en by the evidence, that either of them was "a legally qualified candidate" for such office, which is a necessary requirement in order to be entitled to the immunity provided by the statute. Weiss v. Los Angeles Broadcasting Co., 9 Cir., 163 F.2d 313, 315, certiorari denied 333 U.S. 876, 68 S.Ct. 895, 92 L.Ed. 1152.

Although the Federal Statute was not referred to in the answers by name or number, we think the answers sufficiently raised the defense provided by Section 315 of the Act by stating in substance the facts on which the defendants relied and claiming thereby the immunity provided under "the laws of the United States." Kansas City Western R. Co. v. McAdow, 240 U.S. 51, 54, 36 S.Ct. 252, 253, 60 L.Ed. 520; Jones v. City of Arcadia, 147 Fla. 571, 3 So.2d 338, certiorari denied 314 U.S. 688, 62 S.Ct. 300, 86 L.Ed. 550, rehearing denied 314 U.S. 715, 716, 62 S.Ct. 410, 86 L.Ed. 569; Jones v. Chicago, B. & Q. R. Co., 343 Mo. 1104, 125 S.W.2d 5. In addition, the motions for directed verdicts specifically relied upon Section 315 of the Federal Communications Act of 1934 which, it was claimed, granted immunity from suit for defamation "based upon material broadcast by a *legally qualified candidate* for public office." (Emphasis added.) We think that the issue of whether Sutton and Senator Kefauver were legally qualified candidates for public office was clearly injected into the case and so treated by the Court. It is so treated on this appeal. Rule 15(b), Rules of Civil Procedure, 28 U.S.C.A. Hasselbrink v. Speelman, 6 Cir., 246 F.2d 34, 38–39; Underwriters Salvage Co. of N. Y. v. Davis & Shaw Furniture Co., 10 Cir., 198 F.2d 450, 453.

The District Judge in a well reasoned opinion, which is reported at Lamb v. Sutton, D.C., 164 F.Supp. 928, discussed and answered other contentions of the appellant, including the alleged deficiency of proof on the part of the appellees. We agree with his rulings with respect thereto.

The judgments are affirmed.